CHRISTIAN C. CHRISTIANSON v. NORTHWESTERN COMPO-BOARD COMPANY.[1]

|    |     |
|----|-----|
| 83 | 25  |
| 86 | 240 |

April 19, 1901.

Nos. 12,568—(107).

**Fencing Dangerous Machinery—G. S. 1894, § 2248.**

G. S. 1894, § 2248, requires that all dangerous machinery in any factory, mill, or shop be so guarded, if practicable, as to protect the workmen or employees, whether actually engaged in operating the machinery or in the discharge of any of their duties, from liability to injury therefrom.

**Same—Liability for Negligence.**

If the person charged with the duty of so guarding such machinery omits to do so, he is chargeable with negligence, and liable to any employee injured thereby, although he could not have reasonably anticipated injury in the precise way it actually occurred.

**Verdict Sustained by Evidence.**

Evidence considered, and *held* that it sustains the finding of the jury to the effect that the defendant was negligent in the premises, that the plaintiff was not, nor did he assume the hazard which caused his injury.

Action in the district court for Hennepin county to recover $5,000 damages for personal injuries sustained by plaintiff's minor son. The case was tried before McGee, J., and a jury, which rendered a verdict in favor of plaintiff. From an order denying a motion for judgment notwithstanding the verdict and denying a new trial on condition that plaintiff consent to a reduction of the verdict, defendant appealed. Affirmed.

*Morton Barrows*, for appellant.

*E. F. Hilton*, for respondent.

START, C. J.

Thomas Christianson, a minor of the age of nineteen years, for whose benefit this action is brought, and who will be designated hereafter as the plaintiff, was, on April 2, 1900, injured by coming in contact with a revolving circular saw in the defendant's factory.

[1] Reported in 85 N. W. 826.

This action was brought to recover damages for such injuries on the ground of the defendant's negligence. The trial thereof resulted in a verdict for the plaintiff for $4,000. Thereupon the defendant made a motion for judgment notwithstanding the verdict, or for a new trial. The trial court made its order denying the motion for judgment, but granting a new trial, unless the plaintiff consented to a reduction of the verdict to $2,500. The defendant appealed from the order, and its contention here is that the evidence fails to establish any negligence on its part causing the injury complained of, but that it does conclusively appear therefrom that the plaintiff was guilty of contributory negligence, and that he assumed the risk of injury by the saw.

There is no substantial conflict in the evidence, and it tends to establish these facts: The defendant makes in its factory at Minneapolis a composite board, the center of which is made of slats glued together. The slats are packed in bundles and trays, and sent to the slat room to be cut in equal lengths. For this purpose there are two saws in the room,—a large circular saw, known as the "bundle saw"; and six feet therefrom a smaller one, known as the "tray saw." Between the two there is a waste box, 30 inches high and some $22\frac{1}{2}$ inches from its front side to the smaller saw, known as the "hog," which is for the purpose of receiving the waste from both saws. The plaintiff was employed to operate the larger saw, and had been so employed for three days when he was injured. At that time, in the line of his duty, he gathered up some waste in his hands, and stepped around in front of the hog, and was in the act of throwing the waste into it, when he lost his balance, fell forward, striking his left arm against the smaller, or tray, saw, which was then practically unguarded, whereby he received serious personal injuries.

The plaintiff then knew the location of the tray saw, and that it was thus unguarded, as he had previously operated it for some three hours in the aggregate. It would have been practicable for the defendant to have so guarded the saw as to have prevented the accident. Other than this there was no defect in the machinery, or the room, or any of the appliances therein. The evidence also tended to show some other minor facts; among others,

that another employee, a few days before the plaintiff was hurt, was injured while putting waste into the box by his elbow being hit by a passing employee, whereby his hand was forced against the tray saw, and his fingers cut.

1. The first question to be determined is whether these facts reasonably justify the inference that the defendant was guilty of negligence in not guarding the saw, as required by the statute, which, so far as here material, provides that:

"All saws   *   *   *   in any factory, mill or work shop, shall be so located as not to be dangerous to workmen, or shall be, as far as practicable, properly guarded, fenced or otherwise protected." G. S. 1894, § 2248.

The purpose of this statute is obvious.  It was intended to protect from personal injury the workmen or employees in any shop, mill, or factory by reason of dangerous machinery therein, and it must be so construed as to give effect to such wise and humane purpose.  Tvedt v. Wheeler, 70 Minn. 161, 167, 72 N. W. 1062. Therefore the statute must be and is construed as requiring that such machinery must be so guarded, if practicable, as to protect such workmen, whether actually operating the machinery or engaged in the discharge of any of their duties in the factory, mill, or shop where it is located, from liability to injury by it.  If the person charged with the duty of guarding such machinery omits to do so, he is chargeable with negligence, and liable to any workman or employee injured thereby, although he could not have reasonably anticipated injury in the precise way it actually occurred. Christianson v. Chicago, St. P., M. & O. Ry. Co., 67 Minn. 94, 69 N. W. 640; Keegan v. Minneapolis & St. L. R. Co., 76 Minn. 90, 78 N. W. 965; 14 Harvard Law Rev. 377.

The evidence is amply sufficient to bring this case within the statute as we have construed it, and to establish negligence on the part of the defendant causing the injury complained of.  It tends strongly to show that the defendant neglected its statutory duty to guard the saw, that it was practicable to do so, and that such neglect was the proximate cause of the plaintiff's injury.

2. The next question is whether the evidence conclusively shows that the plaintiff was guilty of negligence contributing to his in-

jury. It does not appear very clearly from the evidence why the plaintiff lost his balance, resulting in his hand coming in contact with the saw. His testimony on this point was as follows: "I think I slipped in doing so, throwing the waste down into the hog, and lost my balance just enough so as to lean over onto the saw and get hurt." This leaves the question of his contributory negligence an open one, as to which reasonable men certainly might differ. Hence it was a question of fact, and the finding of the jury thereon in favor of the plaintiff cannot be disturbed.

3. The last question to be considered is whether, upon the evidence, it must be held as a matter of law that the plaintiff assumed the hazards incident to the unguarded saw. He knew that it was unguarded, and, if he had been injured while operating it, it would be a serious question whether he had not assumed the risks of using the saw in its then condition. But such is not this case, for he was not operating the saw which injured him, but the bundle saw; and he was injured while in the discharge of his duties connected with the operation of the latter. Now, to charge him with the assumption of any risks incident to the condition of the saw which injured him, it is not sufficient that he knew its condition, unless he also knew, or in the exercise of ordinary prudence ought to have known and appreciated, the risks to which the condition of the saw exposed him in doing the acts he was doing when injured. Wuotilla v. Duluth L. Co., 37 Minn. 153, 33 N. W. 551. The evidence is far from conclusive that the plaintiff did so know and appreciate the risk of injury from the unguarded saw in doing the acts which he was doing when injured. This question, as well as the others we have considered, was one of fact, and they were all fairly and clearly submitted to the jury, and the verdict thereon cannot be disturbed.

Order affirmed.