JOHN BREDESON v. C. A. SMITH LUMBER COMPANY.[1]

January 15, 1904.

Nos. 13,737—(186).

**Negligence.**

*Held,* in actions brought by a father to recover for personal injuries received by his minor son, one for the benefit of the latter, the other on his own account, and tried together, that the jury was warranted in finding from the testimony (1) that defendant's negligence was the proximate cause of the injuries; (2) that the son was not guilty of contributory negligence; and (3) that he did not assume the risk.

**Verdict.**

*Held,* further, that neither of the verdicts, as reduced by the trial court, was excessive.

Separate actions in the district court for Hennepin county, the first by plaintiff as father of Albert Bredeson, a minor, to recover $10,000 for personal injuries; the second by plaintiff in his own behalf to recover $2,000 for the loss of services of his son due to such injuries. The cases were tried together before Brooks, J., and a jury, which rendered separate verdicts in favor of plaintiff, for $3,500 in the first action and for $500 in the second. From separate orders denying a motion in each case for judgment notwithstanding the verdict or for a new trial, upon the condition that plaintiff consent to a reduction of the verdict, in the first case to $2,500, and in the second case to $300, defendant appealed. Orders affirmed.

*Trafford N. Jayne,* for appellant.

*Gjertsen, Rand & Lund,* for respondent

COLLINS, J.

Plaintiff's son, not quite eighteen years of age, was injured while at work in defendant's sawmill, and thereupon the father brought two actions to recover damages, one on his own account and the other on behalf of the son. These actions were tried together, and the verdicts were in favor of the plaintiff; in the first case mentioned for $500, and in the second for $3,500. Defendant then moved for

[1] Reported in 97 N. W. 977.

judgment in its favor notwithstanding these verdicts, or for a new trial in each case, and thereupon the court below ordered that new trials be had unless the plaintiff should consent to a reduction to $300 and $2,500, respectively. Consent was filed, and thereupon defendants appealed.

The young man had worked about the mill for more than one month. Seventeen days before the day of the accident he had been set at work taking boards from an edger and placing them on a trimmer. He stood at the end of the edger in a space practically three by four feet. On his right, as he stood to receive the boards, and within easy reach, was one end of the trimmer, and in it, about two feet from the other end, was a thirty-inch circular saw, partly protected, which extended about one-half its diameter above the trimmer table, and was used to cut off or trim the ends of boards after they had passed through the edger and along the trimmer table. Just in the rear, a little over four feet from the end of the edger, was a hole in the floor, through which the débris from the circular saw fell to the floor below. There was no fence or other protection about this hole, and, while there was a slide or chute for the débris extending down on one side from the trimmer to the hole, the latter was practically unguarded. While at work handling the boards, one of unusual length came through the edger, catching the young man in the side, because of its length, pushing him to the rear, one of his feet going into the hole. He fell backwards and towards the trimmer, and in trying to save himself his wrist was caught upon the saw, and the injuries in question resulted.

1. The defendant may not have been guilty of negligence in omitting to guard the saw, but surely the jury was justified in finding it negligent as to the hole into which the young man slipped. It was a dangerous place, especially to men engaged in receiving boards of various lengths from the edger—work which made it necessary that they step backwards, more or less, depending on the length of the board in hand. Such an aperture in the floor could easily have been fenced or otherwise guarded, and G. S. 1894, section 2248, merely declarative of the common law, applies to just such cases. It was defendant's duty to protect its employees from the imminent danger of falling or stepping into the hole in the floor while at work. In

case of accident in such a place the master is liable to an injured employee, although he could not reasonably have anticipated an injury in the precise way it actually happened. Christianson v. Northwestern Compo-Board Co., 83 Minn. 25, 85 N. W. 826.

2. It is argued in behalf of the appellants that the young man was himself guilty of contributory negligence as a matter of law, and for that reason the orders made by the court below should be reversed. It is possible that he might have escaped being caught by the board by stepping on one side thereof as it came through the edger, but it does not follow from this that he can be held to have contributed to his injury. The boards were coming through the edger very rapidly and just as fast as they could be handled, and, while measurements might show that there was plenty of room on either side of the moving board for him to occupy, we must bear in mind that we are not to determine the question of his contributory negligence by actual measurements of the space he might have occupied, or the time he had to get out of the way. The test to be applied is that of ordinary care, and this is not measured by inches or minutes; and young Bredeson's youth and lack of experience may also be taken into consideration when passing upon this question of negligence. It may be observed here that he was uninstructed, so far as the record shows, in regard to the manner in which he should perform his duties, nor was he advised of the danger that might come to him while so performing them. We are of the opinion that the court properly submitted the question of the plaintiff's contributory negligence to the jury.

3. It is claimed on the part of the appellant that the young man assumed the risk, because, from the testimony, it conclusively appeared that he knew of the close proximity of the saw, knew that it was unguarded, knew of the hole in the floor and that it was without protection. This case, on the facts, is very much like that of Christianson v. Northwestern Compo-Board Co., supra. There the plaintiff was injured by falling upon a saw. He was not operating that particular saw, but was at work at another, not far distant. In this case Bredeson was not working with the trimmer saw, but was employed at the edger taking away the boards as they came through that machine, and transferring them to the trimmer. As was said in the

Christianson case, if he had been injured while operating the saw on which he was injured, it would be a serious question whether he had not assumed the risk of using it in its unguarded condition. Other language used in that case is strictly applicable here, as follows: "To charge him with the assumption of any risks incident to the condition of the saw which injured him, it is not sufficient that he knew its condition, unless he also knew, or in the exercise of ordinary prudence ought to have known and appreciated, the risks to which the condition of the saw exposed him in doing the acts he was doing when he was injured. The evidence is far from conclusive that the plaintiff did so know and appreciate the risk of injury from the unguarded saw in doing the acts he was doing when injured. This question, as well as others we have considered, was one of fact, and they were all fairly and clearly submitted to the jury, and the verdict thereon cannot be disturbed." In arriving at this conclusion, we have assumed, although it was not admitted by plaintiff's counsel, and was possibly put in issue by the testimony, that young Bredeson knew of the condition of the saw, that it was practically unguarded, that he also knew of the hole in the floor, and that it was unfenced; but, notwithstanding this assumption, we are of the opinion that whether he assumed the risk or not was a question for the jury, and its conclusion cannot be set aside.

4. Counsel insists that the verdict in each case was excessive, and for that reason defendants should be granted a new trial. According to the testimony, which was undisputed, the circular saw cut half way across the young man's wrist, and at the time of the trial, one year later, he could not use the second, third, or fourth fingers of his right hand, two of them being stiff, and up to this time he had not been able to do any work with the injured hand. While the verdicts are large, even as reduced, we cannot say as a matter of law that either is so excessive as to require us to interfere. The very capable trial court heard the testimony concerning the injury and saw the fingers, hand, and wrist. It reduced the verdict in favor of the son more than twenty-five per cent., and we cannot say that the court was in error when it declined to still further reduce. As to the verdict in favor of the father, reduced forty per cent., it must not be forgotten that Mr. Bredeson was entitled to the services of the son up to the

time of his majority, nearly four years subsequent to the time of the accident. This verdict, as reduced, was not excessive.

Orders appealed from affirmed.