FRANK BORCHARDT v. PEOPLE'S ICE COMPANY and Another.[1]

November 20, 1908.

Nos. 15,929—(59).

**Release—Contributory Negligence.**

The evidence does not conclusively prove that the $40 paid by respondent the People's Ice Company was for the purpose of satisfying appellant's claim for damages on account of personal injuries received while employed by that company in unloading ice from a defective car; nor does it conclusively appear that appellant was guilty of contributory negligence, or assumed the risk, in proceeding to remove ice from the car with knowledge that the floor of the car was defective.

**Question for Jury.**

These questions should have been submitted to the jury, and it was error to dismiss the action.

[1] Reported in 118 N. W. 359.

Action in the district court for Ramsey county to recover $2,000 for personal injuries alleged to have been sustained by plaintiff while unloading ice of defendant ice company from a broken and defective car of defendant Chicago, St. Paul, Minneapolis & Omaha Railway Company. Plaintiff was paid $40 by the defendant ice company and the case was dismissed as to that defendant before the trial. The case was tried before Brill, J., and a jury, and at the close of plaintiff's case defendant railway company made a motion to dismiss the action which was granted. From an order denying plaintiff's motion for a new trial, he appealed. Reversed.

*Godfrey, Molander & Giantvalley,* for appellant.

*James B. Sheean,* for respondents.

LEWIS, J.

At the close of appellant's case the trial court granted respondent's motion to dismiss the action upon the ground that the evidence failed to establish a cause of action against the railway company, that it appeared from the evidence that appellant was guilty of contributory negligence and had assumed the risks and dangers, and upon the further ground that it appeared from the evidence that the People's Ice Company had paid him $40, which he accepted in full satisfaction of any and all demands against that company.

1. Where two or more persons are liable for an injury sustained by a third party, a settlement by the plaintiff with one of the joint tort-feasors inures to the benefit of all who are legally responsible for such injury, and when a plaintiff makes claim in good faith against another for injuries, and accepts compensation and gives satisfaction therefor, all persons against whom suit might be brought for such injuries are released, whether the party with whom the compromise was made could have been legally held in an action for damages or not. These propositions were recognized and applied in the case of Hartigan v. Dickson, 81 Minn. 284, 83 N. W. 1091.

In the present case the ice company and the railway company were named in the complaint as joint tort-feasors; but no cause of action was stated against the ice company. The only cause of action pleaded involved the question of the railway company's liability in furnishing a defective car to the ice company, in which appellant, an employee of

that company, received his injuries while unloading ice. After commencement of the action, and before trial, appellant, through his attorney, received $40 from the ice company, and a stipulation was entered into between his attorney and the attorney for the ice company in the following language: "It is hereby stipulated and agreed by and between the plaintiff and the defendant The People's Ice Company, that the above-entitled action be and the same is in all things dismissed as to the defendant The People's Ice Company." No release or satisfaction was executed. The evidence does not in any manner implicate the ice company as a joint tort-feasor, and the question is: Does it conclusively appear from the evidence that the $40 was paid and received in satisfaction of all claims by appellant against the ice company growing out of the facts alleged in the complaint? The fact that appellant failed to state a cause of action against the ice company is not necessarily the test; nor is the fact that appellant did not consider that company responsible for his injuries. If the money was paid by the ice company and received by appellant for the purpose of satisfying all demands and claims on account of the injuries, and the action was dismissed in consideration of such payment and satisfaction, then the legal effect thereof was to discharge the other codefendant.

But, in determining whether or not such was the intention of the parties, all the facts and circumstances must be considered, including the pleadings and the evidence. It is claimed on the part of appellant that there never was any intention on his part to state a cause of action against the ice company, or to claim any damages from it on account of his injuries; that the ice company was joined as a party merely under some fancied idea of retaining jurisdiction in the district court. However that may be, it does not appear that there was any reason why appellant was not entitled to dismiss the action as to the ice company. If the money was paid by the ice company for some other reason, without regard to securing a satisfaction of appellant's claim, then the trial court was in error in dismissing the action. The evidence was not conclusive that the money was paid and received in satisfaction of appellant's claim for damages, and that question should have been submitted for the consideration of the jury.

2. Respondent railway company concedes that the car was defective, not fit for service, and that it had a "bad order" card on it, notwith-

standing which it was permitted to be used in transporting ice from Mendota to St. Paul. The defect consisted of a hole, about two feet wide and three feet long, in the bottom of the floor between the doors. The car was filled with blocks of ice, weighing between three hundred and four hundred pounds each, piled in three layers. The ice between the doors had already been taken out by one of the other teamsters, and appellant testified that while he was engaged in taking out his first load, and while handling one of the bottom pieces, his tongs pulled off the cake of ice, and he slipped and fell backward into the hole and received his injuries. Appellant admitted that he knew the car was defective and that he had seen the hole, but thought that by being careful he could work around it without danger.

It is fairly inferable, from the conditions as developed by the evidence, that if the ice tongs had not slipped appellant might, in the exercise of reasonable care, have succeeded in dislodging and removing the block of ice without any accident. It was not negligence per se for appellant to attempt to remove the ice, knowing the hole was there, and the fact that he voluntarily took some risk is not conclusive evidence that he was not, under the circumstances, using due care. It does not conclusively appear that the risk was so imminent that a person of ordinary prudence would refuse to carry on the work. The question before the court was whether appellant was in the exercise of ordinary care in doing his work under the circumstances. This, we think, under the evidence, was a question of fact, and should have been submitted to the jury.

Reversed.

JAGGARD, J. (dissenting).

I dissent. The peril was obvious and understood. The maxim "Volenti non fit injuria" applies. Plaintiff assumed the risk.