WILLIAM G. BEAN v. KELLER MANUFACTURING COMPANY.[1]

February 19, 1909.

Nos. 15,957—(236).

**Contributory Negligence.**

    In an action for damages for personal injuries, it is *held* that the trial court properly directed a verdict for defendant on the ground that plaintiff was guilty of contributory negligence.

Action in the district court for Stearns county to recover $15,680 damages for personal injuries. The grounds of defendant's negligence alleged in the complaint are stated in the third paragraph of the opinion. The case was tried before Taylor, J., who directed a verdict in favor of defendant. From an order denying his motion to set aside the verdict and grant a new trial, plaintiff appealed. Affirmed.

    *James R. Bennett, Jr.,* and *Dodge & Tautges,* for appellant.

    *Theodore Bruener* and *Reynolds & Roeser,* for respondent.

BROWN, J.

Action for personal injuries, in which, at the close of plaintiff's case, the court directed a verdict for defendant on the ground of contributory negligence on the part of plaintiff, and the latter appealed from an order denying a new trial.

Plaintiff, forty six years of age, was employed at defendant's factory, and had been so employed for two years prior to the accident complained of. He had during that time been engaged in operating different machines used and employed in the factory and moved by motive power. At the time of his injury he was operating a tenoning machine, equipped with revolving knives for tenoning wagon spokes and a rapidly revolving circular saw used in trimming the ends of the spokes preparatory to their use in another part of the factory. He had worked at this particular machine but a few days; but the evidence shows that from his experience in the factory he was familiar with it, and also with the dangers incident to its operation. The frame to which the saw and knives were attached was of ordinary construction, and extended along and in close proximity to the wall of the factory building. His

[1] Reported in 119 N. W. 801.

position in operating the machine was in front of the frame facing the wall. Upon the wall, in receptacles prepared for the purpose, hung a wrench and other tools necessary for use in connection with the operation of the machine, and an oil can, all within reaching distance from plaintiff's position when working the machine. The circular saw was located at one end of the frame and about twenty inches from the wall of the building, while the frame itself was but eleven inches from the wall. The machine was started and stopped by the use of a lever located on the side thereof near the position of the operator. The saw was wholly unguarded, and plaintiff was injured by coming in contact with it in the following manner:

At about the close of the day's work, on October 12, 1907, at 5:30 in the evening, plaintiff heard a "squeaking noise" in some of the gearings of the machine which suggested to him that some of the bearings required oiling. He testified that he could not locate the sound from his place at the machine, so he went around to the back of the frame, to ascertain its precise location and then oil it. He located the point requiring oiling, and then reached toward the oil can held in the receptacle on the wall, and in some manner slipped and fell, striking his elbow on the revolving saw, and receiving the injuries complained of. He thereafter brought this action for damages, and in his complaint charged defendant with negligence in three respects: (1) The failure properly to guard the saw, as required by statute; (2) the failure to warn and instruct plaintiff of the dangers and hazards incident to his work; and (3) the failure to provide him a safe place in which to perform the duties of his employment. Defendant answered, denying the negligence alleged against it, and affirmatively alleging that the accident was caused solely by the contributory negligence of plaintiff.

There is no doubt that defendant was, under the evidence, chargeable with actionable negligence for its failure to guard the saw; and this would entitle plaintiff to a verdict, irrespective of the other grounds alleged by him, unless he either assumed the risk of working about the unguarded saw or was guilty of contributory negligence. The trial court instructed a verdict against him on the grounds that he assumed the risk and was also guilty of contributory negligence, conceding, as we understand the record, that the negligence of defendant was sufficiently shown. We have therefore for consideration on this appeal

the sole question whether the court below was right in its conclusion that the evidence was conclusive of plaintiff's own negligence or that he assumed the risk. In our view of the evidence, it becomes unnecessary to consider the question whether the court erred with reference to the assumption of risk. It is clear that plaintiff was guilty of contributory negligence, and the order of the court below so holding must be sustained. The action of the court being sustained on that ground, the question of assumption of risk requires no further mention.

Plaintiff was familiar with the machine on which he was at work, knew the dangers and risks surrounding him, was a man of mature years, and fully appreciated the result of coming in contact with a rapidly revolving saw. It was dark at his place of work when he attempted to locate the place to be oiled, and he could not discover it from his position at the machine, so he proceeded to the back of the machine to learn its whereabouts. He well knew that he was at that time in close proximity to the revolving saw, and deliberately made an attempt in the dimly lighted room to oil a part of the machine immediately adjacent to it. After locating the place to be oiled, he could, without the least inconvenience, have returned to his proper position and by pulling the lever brought the machine to a stop and made the performance of the act perfectly safe. Instead of doing this, however, he groped around in the dark in the immediate vicinity of the revolving saw and was injured. He testified on the trial that he had at the time no thought of the dangerous position he was in, and was evidently wholly unmindful of his surroundings. At one point in his evidence he testified that his attempt to oil the machine from this point was for the purpose of saving the time of his employer; that, if he had not then oiled it, he would have been required to return to the front of the machine and perform the act from that point. He subsequently testified, however, that it was just as convenient to oil it from behind the machine as elsewhere, and that he entertained no thought of danger from the revolving saw in doing so. Neither reason is sufficient to excuse his conduct. There was a perfectly safe way in which to perform this service, viz., by returning to his post, stopping the machine, if necessary, and then applying the oil; but he chose a dangerous method, and must be held guilty of the charge of contributory negligence. The case comes within the facts of Moody v.

Smith, 64 Minn. 524, 67 N. W. 633. Christianson v. Northwestern Compo-Board Co., 83 Minn. 25, 85 N. W. 826, 85 Am. St. 440, is not in point. In that case the plaintiff was injured by an unprotected saw while engaged at his post in operating it, and not while at a place he was not required to be, as in the case at bar.

Counsel claimed on the oral argument that plaintiff was justified in going behind the machine to oil it, because he had observed others doing the same thing. But we discover no evidence supporting this claim. While plaintiff testified that he had seen other employees behind the machine, he did not say that they were there performing the service he was attempting to perform on this occasion; and the evidence is clear that the ordinary method of oiling the machine was from the operator's position when at work operating the same.

Counsel ask the court to reconsider the question whether assumption of risk and contributory negligence is available to defendant in a case of this kind, where his negligence is founded in a failure to comply with the statutes requiring the guarding of dangerous machinery. The case of Anderson v. C. N. Nelson Lumber Co., 67 Minn. 79, 69 N. W. 630, declaring the defense available in such cases, has been too often followed and applied to be now departed from. A change of the rule there laid down should be made by the legislature, if a change is deemed advisable.

Our conclusion, therefore, is that the trial court was right in declaring contributory negligence as a matter of law.

Order affirmed.