## WILLIAM A. SNYDER v. WALDORF BOX BOARD COMPANY.[1]

January 28, 1910.

Nos. 16,373—(162).

**Unguarded Machinery — Contributory Negligence.**

When an employee, lawfully in the vicinity of dangerous and unguarded machinery, slips or, losing his balance, falls into or against the machine, and is injured, the fact that he knew the conditions does not of itself establish, as a matter of law, that he assumed the risk or was guilty of contributory negligence.

**Same — Questions of Fact.**

Whether unguarded dangerous machinery is so located as to menace employees in its vicinity, and whether an employee having knowledge of the condition assumes the risk of working in its vicinity, are generally questions of fact for the jury.

[1] Reported in 124 N. W. 450.

---

[Note]   As to relation of maxim Volenti non fit injuria to defense of contributory negligence, see note in 47 L.R.A. 161.

Action in the district court for Ramsey county to recover $25,500 for personal injuries sustained through defendant's alleged negligence. Defendant's answer was a general denial. The case was tried before Brill, J., who directed a verdict in favor of defendant. From an order denying plaintiff's motion for a new trial, he appealed. Reversed.

*W. R. Duxbury,* for appellant.
*P. J. McLaughlin,* for respondent.

O'BRIEN, J.

The defendant operates a factory for the manufacture of paper box boards. The plaintiff, an electrician, assisted in installing some portion of the electrical apparatus in the factory. Shortly after the opening of the factory the plaintiff was employed to attend and keep running certain pumps situated in the basement of the factory. The pumps were operated by electricity, an electric motor for each pump being placed upon a shelf about six feet and nine inches above the cement floor. At the end of the shaft turned by the motor was a cogwheel about five inches in diameter, which meshed with and revolved another cogwheel about eighteen inches in diameter. The shaft made approximately eight hundred revolutions a minute. These wheels were unguarded.

On the night of the accident considerable paper pulp had in some way accumulated upon the basement floor, and planks had been laid across the room for the use of persons passing through the basement. It was claimed that the planks were rendered slippery by deposits of pulp from the shoes of the employees crossing upon them. The plaintiff, according to his testimony, descended to the basement for the purpose of attending to, and, if necessary, oiling, the machinery, which he approached by walking upon one of the planks. Noticing that the shaft of the motor was foul, he placed his oil can upon the plank and was about to wipe the shaft with some waste, when he slipped and his hand, thrown upwards, was caught between the cogwheels and so badly injured that amputation of nearly the entire hand was necessary.

The defendant introduced testimony to show that the pulp was

not and did not make the planks slippery.; that immediately after the accident the plaintiff accounted for it by saying that the cogs caught the waste he was holding and drew his hand in; and that pieces of waste were found upon the cogs. A verdict for the defendant was directed upon the ground that the plaintiff had assumed the risk of the unguarded machinery, and also of the slippery condition of the plank upon which he was standing.

In Glockner v. Hardwood Mnfg. Co., 109 Minn. 30, 122 N. W. 465, and particularly in the opinion upon the reargument of that case, filed December 17, 1909, 109 Minn. 35, 123 N. W. 807, which was after the trial of the case at bar, this court carefully stated the law governing actions because of accidents to workmen whose duties bring them in the vicinity of unguarded machinery.

Where an accident occurs through unguarded machinery, which it is practicable to guard, and which is so located as to be dangerous to those employed around it, the statutory negligence of the master is established. He may show in defense that the servant was guilty of contributory negligence—that is, of affirmative negligent acts —and may, in addition, show that the servant assumed the risk of injury from the unguarded machinery; but it is evident that if the employee is to be held to have assumed such risk in every case in which he knew or should have known of the lack of guards the statute would be practically nullified. No exercise of the police power of the state is more appropriate than that by which it is sought to prevent accidents to workingmen, who, no matter how much we may theorize upon the subject, are in fact compelled to perform their duties in the vicinity of high-geared and dangerous machinery, and we have no right to curtail the effect of the statute, but must assume that the legislature intended to insist upon a greater degree of care by the master than was required of him by the common law.

The plaintiff knew that the cogwheels in which his hand was caught were unguarded, and if the accident happened as suggested by the testimony upon behalf of defendant—that is, that the waste which he intended to use upon the shaft became involved and his hand was drawn in between the cogs—it would be impossible to distinguish the case from those in which this court has held that no

recovery could be sustained. The risk of such an accident was undoubtedly assumed. Blom v. Yellowstone Park Assn., 86 Minn. 237, 90 N. W. 397; Jensen v. Regan, 92 Minn. 323, 99 N. W. 1126.

Upon the other hand, if the accident happened as claimed by the plaintiff—that is, while in the vicinity of the unguarded machinery he slipped or lost his balance, and while falling his hand was caught —it falls within the line of cases in which this court has held that where an employee, without an affirmative act of negligence upon his part, is injured by the unguarded machinery with which he comes in contact by reason of some such cause as slipping or losing his balance, he cannot be held to have assumed the risk as a matter of law. Christianson v. N. W. Compo-Board Co., 83 Minn. 25, 85 N. W. 826, 85 Am. St. 440; Abel v. Hardwood Mnfg. Co., 107 Minn. 214, 120 N. W. 359, 121 N. W. 916; Bailey v. Grand.Forks Lumber Co., 107 Minn. 192, 119 N. W. 786; Glockner v. Hardwood Mnfg. Co., supra.

It is true that according to plaintiff's own testimony he was about to perform a hazardous, and, we are inclined to think, negligent, act, i. e., to attempt to wipe off with waste the very narrow space between the motor and the cogwheels. But it must be remembered that he claims the accident happened before he had an opportunity of doing this. He was lawfully in the position he then occupied, and the fact that his contemplated action might have been negligent cannot change his rights as they actually existed. Bean v. Keller Mnfg. Co., 107 Minn. 162, 119 N. W. 801, is not in point.

The slippery condition of the plank upon which the plaintiff was standing is only important as accounting for his fall, and, while it may be true that he had an opportunity to observe the condition of the plank, it cannot be said that he was, as a matter of law, guilty of contributory negligence in walking upon it, or assumed the risk of slipping because of its condition. If the plaintiff's testimony as to the manner in which the accident happened is true, his rights are practically the same as would be those of one of the other workmen, who, possessed of the same knowledge as was the plaintiff, was required to pass through the basement. If in doing so he used the plank, placed there to be walked upon, and had when opposite the

unguarded machinery slipped and fallen against it, it would be easy to understand that his contributory negligence and assumption of risk would under the statute be questions for the jury.

While we hold that this was a case for the jury, we do not desire to be understood as saying that the only question for its consideration was the truth of the plaintiff's testimony. The cogwheels in which the plaintiff's hand was caught were located a considerable distance above the floor of the basement. The requirement of the statute is that machinery so located as to be dangerous to workmen must be fenced or guarded, and we do not think that the location of this machinery was so obviously dangerous that we could say that its unguarded condition established the negligence of the defendant as a matter of law. Whether or not its location was such that the statute required it to be fenced or guarded would be a question for the sound judgment of the jury, as well as the questions relating to contributory negligence and assumption of risk.

Order denying new trial reversed.

Jaggard, J., took no part.