## CHRISTIAN TOSTASON v. MINNEAPOLIS THRESHING MACHINE COMPANY.[1]

February 3, 1911.

Nos. 16,954—(229).

**Contributory negligence.**

> *Held*, in this a personal injury action, that the undisputed evidence conclusively shows that the plaintiff was guilty of contributory negligence and assumed the risks.

Action in the district court for Hennepin county to recover $12,-500 for personal injuries. The answer was a general denial. The facts are stated in the opinion. The case was tried before Brooks, J., who directed a verdict in favor of defendant. Plaintiff's motion for a new trial was denied, Holt, J. From the judgment entered pursuant to the verdict, plaintiff appealed. Affirmed.

*Homer Morris,* for appellant.

*Brown, Albert & Guesmer,* for respondent.

START, C. J.

Appeal by the plaintiff from a judgment of the district court of the county of Hennepin in a personal injury action, which was brought to recover damages for injuries received by him while in the employ of defendant in its factory, on November 26, 1906, at eleven a. m. The plaintiff, at the time he was injured, was seventy-eight years old. He had been employed in manufacturing plants for some forty years, and in the plant of the defendant for thirty years. He was the defendant's foreman for many years, but for four years next before he was injured he worked in its pattern shop, on the second floor of the machine shop.

He was injured in another building, known as the supply house, in which there was an electric freight elevator governed by a con-

[1]Reported in 129 N. W. 593.

tinuous rope, which was sent up or down by pulling the rope down or up. It also had a guide rope by which it could be stopped, but when it reached the bottom or basement floor it would stop automatically. It was an ordinary freight elevator, open, with no gates or barriers, and intended only to be used for freight and by those in charge of it. The plaintiff, however, had been accustomed nearly every day for three years to use the elevator whenever he had occasion to go to a water-closet. There were three of them. It was not necessary for him to use the elevator for this purpose; but it was, as he claimed, more convenient for him, and safer to do so than to use the stairways provided by the defendant. On the morning he was injured he stepped on the elevator, which was standing even with the second floor, pulled the rope, and walked to the middle of the platform. The elevator for some unknown cause stopped before it reached the level of the basement floor, and some twenty inches above it. He thought that it had reached the bottom, and without looking, or paying any attention to where he was going, he stepped off and fell to the floor, breaking his hip joint.

The grounds upon which the plaintiff claimed the right to recover were that the elevator well was not protected by any barrier, as required by R. L. 1905, § 1815; that the basement was insufficiently lighted; and that the machinery of the elevator was in a defective condition, which caused it to stop. The defendant, at the close of the evidence on behalf of the plaintiff, moved the court to direct a verdict for it, on the grounds that no actionable negligence had been shown on its part, and, further, that it conclusively appeared from the evidence that the plaintiff assumed the risks and was guilty of contributory negligence. The trial court, without passing on the question of the plaintiff's contributory negligence, or whether he assumed the risks as a matter of law, granted the motion and directed a verdict for the defendant, on the grounds that no negligence on its part had been shown; that the evidence was not sufficient to show that the light in the basement was not sufficient to have enabled the plaintiff to have seen the floor from the place where he fell, nor to show that the defendant was negligent in reference to the machinery; and, further, that the plaintiff was not with-

in the class intended to be protected by the statute. The plaintiff made a motion for a new trial, which was denied, and judgment entered. .

The sole question presented by the record is whether, for any reason stated in the motion, the trial judge was justified in directing a verdict for the defendant.

The reason stated by the learned trial judge in support of his conclusion that the plaintiff was not within the class intended to be protected by the statute was this: "The statute was evidently enacted for the benefit of those who might or may step into the elevator hole or well. If the purpose of the statute was to protect those riding on the elevator, it would require a well hole to be inclosed its entire distance between the floors; and not merely four feet from the floor; for the danger would be greater to those who might fall from the elevator at a point above than below the distance specified."

The question thus suggested is not entirely free from doubt, and we do not discuss or decide it, for the reason that we are of the opinion that the verdict was correctly directed, because it conclusively appears from the record that the plaintiff was guilty of contributory negligence and assumed the risks. While the plaintiff and others testified that the light in the basement was dim, yet the whole evidence as to the light, the plaintiff's ability to see, and his perfect familiarity with the premises, conclusively establishes the fact that the light was sufficient to have enabled him to have seen the basement floor before stepping from the elevator, if he had looked. He testified that the light at the time was just the same as it always had been, and that he could see off just as good as he ever could, but had to use glasses to read or do fine work. In short, the evidence is conclusive that by his years of experience in the factory and daily use of the elevator he was fully advised as to the situation, the condition of the elevator as to guards, the amount of light, and fully appreciated the risks incident to its use.

We fully appreciate that the question of contributory negligence or assumption of the risks is a question for the court only in clear and exceptional cases, where only one conclusion can reasonably be

drawn from the undisputed evidence; but the evidence clearly brings this case within the exception.

Judgment affirmed.

JAGGARD, J., being absent, took no part.