# DAVID LUNDBERG v. MINNEAPOLIS IRON STORE COMPANY.[1]

## July 7, 1911.

## Nos. 17,196—(208).

**Assumption of risk — question for court.**

> In this, a personal injury case, it is *held* that the question whether the plaintiff assumed the risks of operating an unguarded wood shaper with revolving knives was, upon the undisputed evidence, one for the decision of the trial judge, and that it was correctly held that the plaintiff assumed the risks.

Action in the district court for Ramsey county to recover $2,500 for personal injuries. The answer alleged plaintiff's contributory negligence. The case was tried before Hallam, J., who, at the close of plaintiff's evidence granted defendant's motion to dismiss the action on the ground that plaintiff knew of the danger involved in the operation of the machine and assumed the risks. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*Barton & Kay,* for appellant.

*Morton Barrows,* for respondent.

START, C. J.

On June 28, 1910, the plaintiff, who was thirty-two years old, was in the employ of the defendant, working in its wagon stock factory at St. Anthony Park, and while working on a wood shaper, shaping the ends of sleigh bolsters, his right hand was caught therein and so injured that it was necessary to amputate a part of his ring and little fingers. He brought this action to recover damages for his injuries, on the ground that they were caused by the negligence of the defendant in not guarding the machine. On the trial of the cause, at the close of plaintiff's evidence, the trial court granted defendant's motion to dismiss the action, on the ground that the evidence

1 Reported in 131 N. W. 1016.

conclusively showed that the plaintiff knew and appreciated the risks and dangers incident to using the unguarded machine, and assumed the risks. The plaintiff appealed from an order of the district court. of the county of Ramsey denying his motion for a new trial.

The evidence was ample to have taken the case to the jury on the question of the defendant's negligence, for it showed that it was practicable to guard the machine, and that, although a guard had been provided, which was safely lying in a box under the bolt, unknown to the plaintiff, the machine was not guarded. The question is, then, whether the evidence is conclusive that the plaintiff intelligently assumed the risks. The question may be determined by a consideration of his own testimony. The construction and operation of the machine, as testified to by him, briefly indicated, are as. follows:

In the center of a table there was an iron shaft fitted with two half-moon shaped knives, which revolved with it. The machine was. operated by a belt under the table, and was started and stopped by a shifting lever. The operator would stand facing the table, and take an unshaped bolster, lay it on the table, and press the end thereof against the revolving knives. The plaintiff's testimony, which was notably candid, makes it perfectly clear that he not only knew, but fully appreciated, the risks incident to operating this machine without a guard. In this connection he testified as follows:

"Q. Then you did know at the time that there was no guard on there? A. Yes, sir. Q. You knew it was dangerous, and you simply didn't ask for a guard, because you thought it was not your place to ask for one? Yes, sir. Q. And that same thing was. true every one of the dozen or more times after that that you worked on that single shaper? A. Yes, sir. Q. Every time that you went to work on that shaper after that, you realized it was dangerous, and that there was no guard there; but you wouldn't ask for one because you thought it was up to them to bring you a guard, and not for you to ask for one? A. Yes, sir."

His testimony as to the manner of his injury is this: "I was. working along on my machine, and I had just taken a bolster, and was going to run it on the machine, when the superintendent came

through the shop, and he had a man with him. My truck, the truck that I had these bolsters on, was setting alongside of me, and they came up from behind me, and walked over to the side of my truck, and picked up one of the bolsters, and turned it over, just as I was about to feed my machine; turned it over on the truck and dropped it, and attracted my attention just enough to look to see what it was, and at that time the machine caught the wood and jerked it back on me."

The contention on behalf of plaintiff here urged is that, although he knew and appreciated the ordinary risks incident to the operation of the unguarded machine, yet his attention was diverted, through no fault of his own, and it was this diversion that produced the injury from the unguarded machine. It is claimed that such diversion of his attention brings his case within the rule that if an employee is in a position of danger from unguarded machinery, and is by some intervening accident, such as slipping or losing his balance, thrown or brought in contact with unguarded machinery, he cannot be held, as a matter of law, to have assumed the risks. Glockner v. Hardwood Mnfg. Co. 109 Minn. 30, 122 N. W. 465, 123 N. W. 807; Snyder v. Waldorf Box Board Co. 110 Minn. 40, 124 N. W. 450.

The distinction between those cases and this one is quite obvious, for the plaintiff was not thrown or brought in contact with the dangerous machinery by any intervening cause. The simple facts are that he was operating the unguarded machine, fully appreciating the danger of so doing. He had just taken a bolster, and was going to run it on the machine, when in a moment of inadvertence he received an injury from the source of danger to which he knew he was exposed. The source of danger was the operating of the unguarded machine, not the act of the superintendent in turning over and dropping on the truck a bolster just as the plaintiff was about to feed the machine. We have little sympathy with the doctrine of the assumption of risks, when applied to unguarded machinery which the employer has negligently failed to guard; but the undisputed evidence in this case is so clear that we are constrained to hold, as we do, that the question whether the plaintiff assumed the risks was

one to be decided by the trial judge, and that it was correctly decided by him.

Order affirmed.