# JENNIE JOHNSON v. NORTHERN PACIFIC RAILWAY COMPANY and Another.[1]

February 20, 1914.

Nos. 18,375—(236).

**Guarding dangerous machinery.**
1. Neither section 1813, Revised Laws 1905, which provided for the guarding of dangerous machinery and dangerous places in factories, nor section 1815, Revised Laws 1905, which provided for the guarding of elevator wells, imposed any duty to enclose the car of a freight elevator.

**Use of freight elevator — assumption of risk.**
2. Deceased undertook to use a freight elevator which was unenclosed on two sides. He was an experienced man and had frequently used this elevator. He was not required to use it on this occasion, but was using it for his own private purpose. He was injured by in some manner falling over the side of the car. *Held*, he assumed the risk incident to the use of the elevator in the condition in which he found it.

**Same.**
3. The rule that the doctrine of assumption of risk does not apply where an employee is by some mishap thrown against some unguarded appliance, has no application to the case where the employee was operating the very appliance which was the source of danger and receives an injury from the source of danger to which he knew he was exposed.

Action in the district court for Crow Wing county by the administratrix of the estate of Andrew H. Johnson, deceased, to recover

[1] Reported in 145 N. W. 628.

---

Note. — On the question of the master's liability for injury to servant caused by elevator uninclosed as required by statute or ordinance, see note in 15 L.R.A. (N.S.) 784. And as to the measure of duty owing to servants with respect to elevators which they are required or permitted to use for personal transportation, see note in 18 L.R.A.(N.S.) 911.

The question of the servant's assumption of obvious risks of hazardous employment is discussed in a note in 1 L.R.A.(N.S.) 272. And as to whether servant may assume the risk of dangers created by the master's negligence, see notes in 4 L.R.A.(N.S.) 848 and 28 L.R.A.(N.S.) 1215.

$7,500 for the death of her intestate while in the employ of defendant in its machine shop. The answer alleged that the injuries sustained by plaintiff's intestate were caused by his own negligence or resulted from the risks of his employment which he had assumed. The case was tried before McClenahan, J., who when plaintiff rested granted defendant's motion to dismiss the action. From the order denying her motion for a new trial, plaintiff appealed. Affirmed.

*Larrabee & Davies* and *Alderman & Clark,* for appellant.

*C. W. Bunn* and *D. F. Lyons,* for respondent.

HALLAM, J.

Deceased was employed in defendant railway company's shops. The building is two stories high. Plaintiff was employed in the "mill," on the first floor. In one corner of another room, known as the "truck shop," is a freight elevator, operated between the first and second floors. Employees were in the habit of using this elevator, if it was not otherwise in use, to go from one floor to the other for their own convenience. There were walls on two sides of this elevator, and on those two sides the car was enclosed. On the other two sides the car was open. On the second floor was a medicine chest, in which defendant kept a few simple remedies which the men were at liberty to use. On the morning of February 24, 1912, deceased left home with a sick headache. He had a dizzy spell before he left home. At about 8 o'clock in the morning he left his work and took the elevator to go to the second floor. He told a fellow workman that he wasn't feeling well and that he was going up to get some medicine. The elevator was not in use and he took the elevator, himself operating it, and started up. The next that was seen of him he was lying on the floor of the elevator with part of his body overhanging one of the unknown sides. Before any one could come to his rescue, the elevator, still going up, came to the ceiling, and deceased was crushed between the ceiling and the floor of the car. He died on June 8, 1912, of pancreatic hemorrhage. At the close of plaintiff's testimony; the court, on motion of defendant, dismissed the case.

The negligence complained of is the failure of the defendant to enclose this freight elevator.

1. We do not agree with plaintiff that there was any statute in force at the time of the accident that required such enclosure. R. L. 1905, § 1813, provided for the guarding of dangerous machinery in factories and of dangerous places near to which any employee is obliged to pass or to be employed. Section 1815 provided for barriers at every elevator well on each floor of every factory or workshop, and for safety devices to hold the elevator in the event of failure of the hoisting machinery. We are of the opinion that neither of these sections required the enclosure of a freight-elevator car. Section 1815 clearly does not. The language of section 1813 is more doubtful in its meaning. Section 1815, however, provides in some detail for regulations as to elevators. These two sections were enacted as part of the same statute, chapter 7, p. 99, Laws 1893, and down to 1913, were carried along together. We are of the opinion that section 1815 was intended to comprehend all of the chapter that pertained to elevators, that section 1813 was not intended to apply to elevators, and that the enclosure of a freight-elevator car is not within the contemplation of either section.

There are a number of doubtful questions in the case. No one saw the accident, and the manner of its happening cannot be ascertained. The question whether the defendant was negligent in failing to enclose the elevator, the question whether such failure was the cause of the injury that deceased received, and the question whether that injury caused his death over three months later, are none of them free from doubt.

2. We do not deem it necessary to determine these questions, because it seems clear that deceased assumed all the risks of the use of the elevator in the condition in which he found it. The doctrine of assumption of risk is not a favorite with the courts, but there are certain well-settled rules which we are obliged to follow. An employee assumes the risk incident to the use of a defective instrumentality when the defect is known to him or is plainly observable by him, and when he also understands, or, by the exercise of ordinary observation, ought to understand, the risks to which he is exposed by

its use. · Falkenberg v. Bazille & Partridge, 124 Minn. 19, 144 N. W. 331, and cases cited. Deceased knew this elevator car was not enclosed. He knew he was ailing and had a fainting spell a few hours before. He was an experienced man, had been employed in this shop at least 10 or 12 years and had frequently used this elevator, and he must have understood the risks and dangers incident to its use as well as any one could. He was not required to use it on this occasion. He was simply permitted to use it. He was using it for a private purpose of his own. He might have avoided using it had he chosen to walk up one flight of stairs. He chose, however, to use the elevator. We cannot distinguish this case from Tostason v. Minneapolis Threshing Machine Co. 113 Minn. 394, 129 N. W. 593. See also Wise v. Ackerman, 76 Md. 375, 25 Atl. 424. It seems plain that deceased assumed the risk incident to the use of this elevator, and that this is a bar to plaintiff's right to recover.

3. It is contended that the case falls within the rule of some decisions which hold that, where an employee is, by some mishap, involuntarily thrown against or brought in· contact with, some unguarded appliance, the fact that he knew that it was unguarded and knew the danger of contact with it, does not determine, as a matter of law, that he assumed the risks. Christianson v. N. W. Compo-Board Co. 83 Minn. 25, 85 N. W. 826, 85 Am. St. 440; Glockner v. Hardwood Mnfg. Co. 109 Minn. 30, 122 N. W. 465, 123 N. W. 807, 18 Ann. Cas. 130; Snyder v. Waldorf Box Board Co. 110 Minn. 40, 124 N. W. 450; Gilbert v. City of Tracy, 115 Minn. 443, 132 N. W. 752. We are of the opinion that this case is not within the rule of the cases cited. This rule has never been extended to a case where the employee was himself operating the very appliance which was the source of danger, fully appreciating the risks of so doing, and received an injury from the source of danger to which he knew he was exposed. Lundberg v. Minneapolis Iron Store Co. 115 Minn. 174, 131 N. W. 1016.

Order affirmed.