JESSIE B. DAVISON v. HARRIET B. RESSLER and Others.[1]

January 15, 1915.

Nos. 18,942—(159).

**Injury to janitor.**

1. A janitor who had stepped out upon a window ledge to clean the outside of the window, in attempting to raise it after completing his work, lost his balance and fell to the pavement. He had performed the same work under the same conditions for some years and was entirely familiar with the situation.

**Assumption of risk.**

2. *Held* that he assumed the risk.

[1] Reported in 150 N. W. 802.

Note.—The authorities on the question of the servant's assumption of obvious risks of hazardous employment are gathered in a note in 1 L.R.A. (N.S.) 272.

Action in the district court for Hennepin county by the administratrix of the estate of D. Arthur Davison, deceased, to recover $7,500 for the death of her intestate. The case was tried before Jelley, J., and a jury which returned a verdict in favor of plaintiff for $3,500. Defendants' motion for judgment notwithstanding the verdict was granted. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Axel A. Eberhart, Ludwig Arctander* and *Gunnar H. Nordbye,* for appellant.

*Harlan P. Roberts, L. J. Van Fossen* and *E. C. Garrigues,* for respondents. .

TAYLOR, C.

Plaintiff's husband, D. Arthur Davison, was the janitor of a two story brick building in the city of Minneapolis. While cleaning a window on the second floor of the building, he fell to the pavement and was killed. Plaintiff, as administratrix of his estate, brought suit for damages and had a verdict. Thereafter a motion for judgment notwithstanding the verdict was granted, and judgment was entered in favor of defendants. Plaintiff appealed.

The window in question was 60 inches in width and 38 inches in height, and had been provided with counterbalancing weights to aid in raising and lowering it. One of these weights had become detached and in consequence two persons, one at each end, were usually required to raise it. On the day of the accident, Mr. Hyland, one of the occupants of the building, at the request of Davison, assisted him in raising it. Davison stepped outside upon the window ledge, which was 16 inches in width, closed the window and washed the outside of it. He then rapped upon the window, and Hyland came to assist him in again raising it. Davison bent over and placed his fingers under the window on the outside, while Hyland lifted at the other end of the window on the inside. For some unknown reason, Davison suddenly withdrew his hand and straightened up, and, in doing so, lost his balance and fell. The window had been in the same condition for four or five years. Mr. Davison

had been janitor of the building, with some intermissions, for about six years. He had full knowledge of the condition of the window and had cleaned it in the same manner regularly. The defendants became owners of the property a few months before the accident, but never occupied it themselves, and there is no evidence that either they or their agent ever knew that the weight had become detached. There was no other defect in the window. When they acquired the property Davison was in charge as janitor, and they continued him in that position without giving him any instructions as to his duties.

The danger was inherent in the nature of the work and was perfectly apparent. There was no hidden or unknown danger; nothing broke and nothing gave way. Mr. Davison entered upon an extremely hazardous undertaking, but he had performed the same work in the same manner upon the same window and under the same circumstances, at regular intervals, for years, and was entirely familiar with all the attending conditions.

The doctrine of the assumption of risks is thoroughly established as a part of the law, and, while it is not favored, it is always applied in cases which are fairly within the rule. It has been applied in the so-called "gravel pit" cases of which Olson v. McMullen, 34 Minn. 94, 24 N. W. 318, is an example. It has also been applied in numerous other cases of which the following are examples: McKenna v. Chicago, M. & St. P. Ry. Co. 92 Minn. 508, 100 N. W. 373, 101 N. W. 178; Englund v. Minneapolis, St. P. & S. S. M. Ry. Co. 108 Minn. 380, 122 N. W. 454; Tomczek v. Johnson, 110 Minn. 320, 125 N. W. 268; McCutcheon v. Virginia & R. L. Co. 114 Minn. 226, 130 N. W. 1023; Lundberg v. Minneapolis Iron Store Co. 115 Minn. 174, 131 N. W. 1016; Anderson v. Fred Johnson Co. 116 Minn. 56, 133 N. W. 85; Johnson v. Northern Pacific Ry. Co. 125 Minn. 29, 145 N. W. 628.

The syllabus in the Olson case states the rule as follows:

"A servant cannot recover from his master for an injury sustained in doing dangerous work which he is set to do, if the danger is of such character that it must be as apparent to the servant as to the master."

The Englund case quoting from the United States Supreme Court states the rule as follows:

"Where the conditions are constant and of long standing, and the danger is one that is suggested by the common knowledge which all possess, and both the conditions and the dangers are obvious to the common understanding, and the employee is of full age, intelligence and adequate experience, and all these elements of the problem appear without contradiction from the plaintiff's own evidence, the question (of the assumption of the risk) becomes one of law for the decision of the court. Upon such a state of the evidence a verdict for the plaintiff cannot be sustained, and it is the duty of the judge presiding at the trial to instruct the jury accordingly."

The undisputed facts bring the present case clearly within the rule, and the trial court, in rendering judgment for defendants, correctly performed its duty.

Judgment affirmed.