# WILFRED PETRA v. CROOKSTON LUMBER COMPANY.[1]

February 19, 1915.

Nos. 19,044—(241).

**Assumption of risk.**

> In this action to recover for personal injuries the evidence is considered and *held* to show conclusively that plaintiff assumed the risk.

Action in the district court for Cass county to recover $2,999 for injuries received while in the employ of defendant. The case was tried before Stanton, J., and a jury which returned a verdict in favor of plaintiff for $1,500. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Reversed with direction to enter judgment in favor of defendant.

*Powell & Simpson, Leslie C. Millar* and *Ernest C. Carman,* for appellant.

*Chester McKusick,* for respondent.

BUNN, J.

This is a personal injury case in which plaintiff recovered a verdict of $1,500. Defendant appealed to this court from an order denying its motion in the alternative for judgment notwithstanding the verdict or for a new trial.

Defendant claims that there was no evidence of negligence, that plaintiff was guilty of contributory negligence, and that he assumed the risk.

The facts bearing upon these questions are practically undisputed, and are as follows: Defendant operates a sawmill on the south shore of Lake Bemidji. A spur track extends from the shore upon a trestle out into the lake. Cars loaded with logs are run out on this track, and the logs dumped into the water. Plaintiff was 49 years

[1] Reported in 151 N. W. 183.

of age, and had worked for defendant in unloading logs from cars on this trestle for several years. The cars used were flat cars provided with four upright stakes on each side. The stakes on one side of the car are set in stationary pockets, while on the other side they are set in patent pockets that trip by the operation of a lever on the stationary side, which allows the stakes to go out at the bottom, and a part of the load to roll from the car. About five o'clock in the afternoon of July 15, 1913, plaintiff and his "partner" tripped a car of logs on the trestle in the usual manner by working the lever on the stationary side. Only about one-fourth of the logs rolled from the car, the rest remaining. Plaintiff and his partner climbed up on the coupling apparatus of the car, one at each end, and examined the load in order to decide what to do in order to start it moving. They saw that the load was held by a "key log" near the center of the car, in the third tier of logs from the car floor, and decided that it was necessary to move or dislodge this key log. The load was made up of logs of different sizes and lengths. Resting on bunks on the bottom of the car were three or more tiers of short logs, from 10 to 16 feet in length; on top of these were several tiers of longer logs, some of them as long as the car and extending to the ends thereof. This made an overhanging shelf at each end of the car. Plaintiff crawled under this shelf and with his peavy attempted to dislodge the key log. Either through his own efforts or those of his partner at the other end, some of the logs on top rolled down, plaintiff was struck by one of them and sustained the injuries for which he seeks compensation in this action.

The claim of negligence relied on and on which this issue was submitted to the jury, was making up a load in the way this one was, putting short logs underneath, with longer ones on top. We will assume that this question was properly submitted to the jury.

We are of the opinion that the evidence conclusively showed that plaintiff assumed the risk. He knew just how the car was loaded. He knew that the logs might start to move at any moment, and deliberately placed himself in a position where it would require extreme agility to escape injury if either he or his partner succeeded in his efforts, or if the logs started from any cause. Not only did

plaintiff know the exact situation that constituted the danger, but that danger was apparent to and fully appreciated by him. His testimony is very frank, and is conclusive on this point. He was not ordered to crawl under the overhanging logs on this partly dumped load, and there was no need for him to take such a position. He freely admits that it was dangerous to do what he did, and that he was taking his chances, relying on getting away quickly should the load be started. We can see nothing else but a very clear case of assumption of risk, even if we could say that plaintiff was not guilty of the grossest negligence. See Davison v. Ressler, supra, page 204, 150 N. W. 802; Johnson v. United Flour Mills Co. supra, page 297, 150 N. W. 902.

The order appealed from is reversed with directions to enter judgment for defendant.