## FRED LANCETTE v. GREAT NORTHERN RAILWAY COMPANY.[1]

August 2, 1918.

No. 20,891.

**Master and servant — negligence of fellow servant — verdict sustained by evidence.**

Plaintiff claims to have been thrown from the top of a freight car by a negligent coupling operation. The evidence sustains the verdict of the jury that the coupling was negligently made and that plaintiff did not assume the risk.

[1]Reported in 168 N. W. 634.

Action in the district court for Ramsey county to recover $17,500 for injuries received while in defendant's employ. The answer among other matters alleged that the work in which plaintiff was employed, that of switchman, involved certain dangers and hazards which were well known to him and which he assumed as part of his employment; that such injuries as he received resulted from the dangers and hazards of that employment. The reply was a general denial. The case was tried before Michael, J., who, at the close of the testimony, denied defendant's motion for a directed verdict, and a jury which returned a verdict for $7,540. Defendant's motion for judgment notwithstanding the verdict was denied, and its motion for a new trial on the ground of excessive damages was granted unless plaintiff consented to a reduction of the verdict to $4,500. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*M. L. Countryman* and *A. L. Janes,* for appellant.
*Wickersham & Metcalf,* for respondent.

HALLAM, J.

Plaintiff was a switchman in defendant's railroad yards. He was riding on top and at the foremost end of the forward car of a string of 19 freight cars that had been "kicked" on to a switch. The engine, attached to another string of 15 cars was backing up to make a coupling. Plaintiff knew of the purpose to make this coupling, and the operation was of the usual kind in railroad switching. The negligence claimed is that the engine was moved back with unusual speed and made the coupling with unusual violence and that thereby plaintiff was thrown from the top of the car and was injured. The jury found for plaintiff. Defendant appealed.

The evidence is not of a satisfactory kind. Plaintiff claimed that the accident had obliterated all recollection of the events of that day. The evidence in his behalf is that of three workmen in an adjoining yard of the St. Paul Foundry Company. These men did not see plaintiff until he was in the act of falling, but they heard the noise of the coupling operation. They testified that the coupling was made with "an extraordinary noise." Some of the testimony of these men was plainly exaggerated. For example, one of them testified that plaintiff was sent flying through

the air a distance of 15 feet ahead of the car he was riding. Impact upon the car from behind could not send plaintiff "flying" forward any great distance. The natural tendency of the impact would be to throw him backward. The fact remains, however, that. plaintiff "went forward" off the car at or about the moment of the coupling, and there is evidence from which it might be found that the coupling was unusually violent. It does not seem impossible that a man at the brake wheel on top of and at the forward end of a box car should fall forward and over the end of the car when the car is struck violently from behind. We must take into account the natural tendency of a man whose footing is shaken under him to take measures to prevent himself from falling and so, though he may lose his balance and fall, he may not fall in the same way as would an inanimate object.

Defendant's theory of the accident is that after the engine stopped, the slack would "whip backward toward the engine," and that it was this movement of the train after the engine stopped that threw plaintiff off. The difficulty with this theory is that the evidence shows that the cars continued to move, not backward, but forward, after plaintiff fell.

It is urged that, if the movement of the cars had been violent enough to throw plaintiff in the manner he now claims, the continued forward motion of the cars would have run over him. This argument has its force but we do not think it conclusive. Plaintiff was picked up very quickly after he fell.

The testimony, with such probative force and such improbabilities as it had, was submitted to the jury with proper instructions as to the law and they found defendant negligent and the trial court has approved their verdict. We cannot hold that it is without foundation in the evidence.

In switching operations cars are brought together with varying degrees of force. Entire uniformity cannot be expected. Plaintiff assumed all ordinary risks of the employment. But a coupling may be so violently made as to be negligent. Plaintiff did not assume the risk of negligence.

Order affirmed.