Rosell S. Bassham, Appellee, v. Chicago, Indianapolis & Louisville Railway Company, Appellant.

Gen. No. 24,111.

1. Master and servant, § 110*—*when unnecessary violence in bringing cars together, proximate cause of injury.* In an action under the Federal Employers' Liability Act by a car inspector for injuries received while coupling air hose between cars, evidence *held* to warrant the jury in finding the proximate cause of the injury to be due to negligence of defendant's employees in bringing cars together with unusual and unnecessary violence.

2. Master and servant, § 349*—*nonassumption of negligence of coemployees under Federal Employers' Liability Act.* As the fel-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

low-servant rule is not available under the Federal Employers' Liability Act, an employee does not assume the risk of negligence on the part of his fellow-servants.

3. MASTER AND SERVANT, § 349*—*what negligence of fellow-servants not assumed.* While an employee who comes within the Federal Employers' Liability Act assumes the risk incident to a dangerous method employed in doing the work, he does not assume the risk of negligence on the part of his fellow-servants in their pursuit of such method.

4. MASTER AND SERVANT, § 579*—*who has burden of proving assumed risk.* In an action for negligent injury to a servant, the burden is upon defendant to prove the assumption of risk, and, the evidence being such as to require submission of that question to the jury, the Appellate Court will not disturb their finding unless it is manifestly against the evidence bearing upon it.

5. APPEAL AND ERROR, § 1637*—*when incorrect instruction, part of a series, is harmless error.* The giving of an incorrect instruction will not be regarded as reversible error if the jury are told that all the instructions should be regarded as one connected body or series, and other instructions properly present the matter in question.

6. MASTER AND SERVANT, § 798*—*when instruction on contributory negligence properly modified.* An instruction tendered by defendant in an action under the Federal Employers' Liability Act, conditioned that if plaintiff "failed in the slightest degree to exercise reasonable and ordinary care," was properly modified by striking out the words "in the slightest degree."

7. INSTRUCTIONS, § 151*—*when requests properly refused.* It is not error to refuse instructions when the matter is sufficiently covered by given instructions.

8. MASTER AND SERVANT, § 816*—*when instruction on contributory negligence properly refused.* A request by defendant in a suit under the Federal Employers' Liability Act to instruct that if the jury found that plaintiff's acts in any manner contributed to his injuries they must take that fact into consideration "in arriving at your verdict," was properly refused, as the jury might be misled thereby to believe that contributory negligence could be considered in determining whether defendant would be liable for its negligence instead of merely in apportioning the damages.

Appeal from the Superior Court of Cook county; the Hon. MARTIN M. GRIDLEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1918. Affirmed. Opinion filed April 29, 1919.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

WINSTON, STRAWN & SHAW, for appellant; JOHN D. BLACK and CHARLES J. McFADDEN, of counsel.

DAVID K. TONE, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This appeal is from a judgment for $20,000 in an action to recover for personal injuries received by appellee in the course of his employment as inspector for appellant in its switching yards at Lafayette, Indiana, while the work of making up trains was going on. In the order of his duties appellee was required to inspect cars, make light repairs and couple up air hose. In doing the last he had to step between the cars, stoop down and reach under the couplers for the end of the hose. While he was thus engaged a "string" of cars, in the course of switching, was pushed down upon a "string" of cars between which he was connecting hose, causing him to be knocked down and run over, and resulting in the loss of his legs.

The application of the Federal Employers' Liability Act is recognized, it not being questioned that the work engaged in at the time of the injury came within the scope of interstate commerce.

The negligence charged to appellant principally relied on was the kicking or pushing of the cars together with unusual and unnecessary violence. Evidence was adduced for plaintiff tending to show that after the inspectors made repairs the kicking or pushing movements and the coupling process usually went on at the same time without any rule or custom as to giving any special notice to those engaged in either operation; that the cars were brought together under such circumstances "without hardly moving them," or with so little force as not to endanger the inspector while thus connecting the air hose; that the impact on the occasion in question was unusual and so violent

as to move the string of eight cars appellee was so connecting some 65 feet before they stopped, dragging him about 25 feet before he was run over.

Appellant contends, however, that plaintiff was injured while performing his work under ordinary and usual conditions, and that the cause of the injury was solely his negligence in not taking precautionary measures against being so caught in a switching movement, and that he assumed the risk incident to such movements. To support such contention evidence was adduced tending to show that plaintiff could and should have seen or heard the engine and cars before stepping between the cars; that he knew cars were to be pushed down to connect with the string of cars he was working on, and that the degree of force with which the cars came together at the time varied little, if any, from what ordinarily takes place in such a movement.

The jury were instructed with reference to both theories, and accordingly must have found that the direct and proximate cause of plaintiff's injury was the unusual and unnecessary force with which the cars were brought together. Such a finding necessarily excluded the theory that the accident was due solely to plaintiff's negligence. While the evidence was thus conflicting, yet the jury might reasonably reach such a conclusion, and, leaving its credibility to them, we are not prepared to say that such conclusion was manifestly against the weight of the evidence. The jury may also have found that plaintiff was negligent, and under the instructions have apportioned the damages.

But it is urged that plaintiff assumed the risk in coupling air hose under such conditions. As the fellow-servant doctrine is not available under the Federal Liability Act, if the jury found that the injury was caused by negligence in the method by which the cars were brought together by plaintiff's fellow employees, then plaintiff did not assume the risk of such

negligence. (*Devine v. Chicago, R. I. & P. Ry. Co.*, 266 Ill. 248, affirmed in 239 U. S. 52.) In considering the doctrine of assumed risk in cases of this character, the United States Supreme Court has made a distinction between methods employed and negligence in pursuing them. In *Chesapeake & O. Ry. Co. v. Proffit*, 241 U. S. 462, a case presenting very similar circumstances and claims, the court said:

"Even if plaintiff knew and assumed the risks of an inherently dangerous method of doing the work, he did not assume the increased risk attributable not to the method, but to negligence in pursuing it."

In other cases under the Federal Employers' Liability Act where, as a result of cars being brought together with sudden and unusual violence, an employee was thrown from the top of a car and injured, it was held that while he assumed all ordinary risks of the employment he did not assume the risks of negligence in bringing the cars together with sudden and unnecessary violence. (*Lancette v. Great Northern Ry. Co.*, 140 Minn. 488, 168 N. W. 634; *Kenney v. Seaboard Air Line Ry. Co.*, 165 N. C. 99, 167 N. C. 14, affirmed in 240 U. S. 489; *Chesapeake & O. Ry. Co. v. DeAtley*, 241 U. S. 310.) The burden lay with defendant to prove the assumption of risk, and the evidence being such as to require its submission to the jury (*DeAtley* case, *supra*, and *Kanawha & M. Ry. Co. v. Kerse*, 239 U. S. 576, 581), we should not disturb their finding on that question unless it is manifestly against the weight of the evidence bearing on it, which we are not disposed to hold.

Appellant cites *Boldt v. Pennsylvania Ry. Co.*, 245 U. S. 441, affirming the trial court in refusing to charge the jury that "the risk the employee now assumes, since the passage of the Federal Employers' Liability Act, is the ordinary dangers incident to his employment, which does not now include the assumption of risk incident to the negligence of the carrier's

officers, agents or employees." The court said that the request did not "accurately state any applicable rule of law," and that the common-law rule was well settled, "that a servant assumes extraordinary risks incident to his employment, or risks caused by the master's negligence which are obvious or fully known and appreciated by him," citing among other cases the *DeAtley* case, *supra*. In the latter case the employee was required on proper occasion to board a moving train, and was injured while so doing. As the train was usually operated with a rate of speed that would enable him to do so without undue peril, the court held that he had a right to presume that the engineer would exercise reasonable care for his safety, and could not be held to have assumed the risk attributable to the operation of the train at an unusually high and dangerous rate of speed, "until made aware of the danger, unless the speed and consequent danger were so obvious that an ordinarily careful person in his situation would have observed the one and appreciated the other," and that it was, therefore, a question for the jury whether he assumed the risk. We think there is no inconsistency in this statement of the law, which seems applicable to the instant case, and the rule as stated in the *Boldt* case, *supra*. If the jury found, as they may have done from the evidence adduced on the subject, that it was the custom to bring the "strings" of cars together while the inspectors were connecting the air hose, but with so little force as not to subject the inspectors to undue peril while so connecting, and that the foreman of the switch crew knew plaintiff was coupling the cars while the cars were being so switched, then according to the rule laid down in the *DeAtley* case, *supra,* the plaintiff had the right to presume that the engineer would exercise reasonable care for his safety, and the jury might well find that he did not assume the risk of such a sudden and violent impact of the cars as endangered his life

and limb, unless in the exercise of ordinary care he became aware of the danger. While we cannot say from this record that either party was free from negligence, and there is a serious controversy whether any of the switching crew knew that plaintiff was connecting hose at the time of the movement in question, and whether plaintiff exercised due care as to the switching movements, yet the evidence is such that we feel that the facts as found by the jury must be left undisturbed.

Errors are assigned in the giving and refusing of instructions. It is urged that instruction No. 3, given at plaintiff's request, is inconsistent with the rule on negligence as laid down in the *Boldt* case, *supra*, and is misleading. It told the jury that if plaintiff did not assume the risk as defined in the instructions given in the case, recovery would not be barred by the fact, if so found, that he was injured through the negligence of appellant's servant. As the jury were told that the instructions should be regarded as one connected body and series, and as other instructions properly presented the doctrine of assumed risk, we think there is little ground for appellant's contention.

It is urged that plaintiff's instruction No. 5 is subject to the criticism that the court assumed that the manner of doing the switching was extraordinary and unusual. We think not. It merely stated the law practically as held in the *DeAtley* case, *supra,* with regard to the assumption of extraordinary or unusual risk due to the master's negligence, where the employee does not know, and in the exercise of ordinary care could not know, of such extraordinary and unusual risk.

An instruction tendered by defendant conditioned if plaintiff "failed in the slightest degree to exercise reasonable and ordinary care," etc., was modified by the court by striking out the words "in the slightest degree." We find no error in such modification.

It is also contended that the court erroneously re-
fused to give appellant's instructions Nos. 4, 6, 7, 8
and 9. Without undertaking to state them at length,
we think it sufficient to say that No. 6 was covered by
given instruction No. 11, and No. 7 by given instruc-
tion No. 25.

Instruction No. 4 told the jury that they were to
take into consideration what would have been done by
an ordinarily prudent person, situated as plaintiff
was, at and just before the moment of his injuries,
etc., and added:

"If the jury believe from the evidence that an ordi-
narily prudent person situated as he was would not
have put himself in the position Bassham was in at
the moment the cars moved, and if you further believe
that his act in putting himself in that position con-
tributed in any manner to his injuries, then you must
take this fact into consideration in arriving at your
verdict."

It is urged by appellee, and we think correctly, that
the final words "in arriving at your *verdict*" might
give the jury the idea that if plaintiff was guilty of
any negligence the jury might take that fact into con-
sideration in determining whether defendant was lia-
ble for its negligence, even though other instructions
correctly instructed the jury with reference to the
apportionment of damages in case plaintiff was found
guilty of contributory negligence. Had the instruc-
tion in question read, "in arriving at the amount of
*damages,* in case you find the defendant guilty," then
the instruction would have been free from ambiguity
and could properly have been given. But in the form
tendered we think there is good ground for the con-
tention that it was misleading.

Refused instruction No. 8 told the jury that plain-
tiff assumed the risk occasioned by the failure of de-
fendant to ring the bell or sound the whistle as warn-
ings, etc. Specific negligence for such failure was
not charged but was included in the general charge of

negligent operation in the switching movements. But inasmuch as it was testified that bell and whistle signals were not given "in ordinary switching movements," and three other instructions, given at appellant's request, told the jury that the risk of injury on account of the "ordinary and usual switching" was assumed, we think the ground was so covered as not to require reversal for refusing to give such instruction.

Nor do we think it was error to refuse instruction No. 9, which sought to bring before the jury as a material element in determining the amount of damages the fact that plaintiff resided in Lafayette, Indiana.

Objection was made to certain remarks of plaintiff's counsel to the jury, but we do not think their impropriety or prejudicial character, if either, was such as to justify reversal.

We think none of the errors assigned calls for reversal of the judgment, and accordingly it will be affirmed.

*Affirmed.*