# MAY E. JUDE v. ARNOLD D. JUDE AND ANOTHER.[1]

February 13, 1937.

No. 31,163.

*Robb & Rich,* for appellant.
*Murphy, Johanson & Winter,* for respondents.

HILTON, JUSTICE.

Appeal from an order denying plaintiff's motion for a new trial after a directed verdict for defendants in an action arising out of an injury caused to plaintiff when she fell out of the open door of an automobile driven by one of the defendants.

Defendant Arnold Jude was the owner of a Chevrolet two-door town sedan about six months old, used and kept for family purposes. On September 27, 1935, his wife, Vivian, hereinafter referred to as the defendant, was using the car with his permission, knowledge, and consent. Plaintiff and defendant made a visit to Minneapolis from their home in Buffalo, Minnesota. About five p. m. they decided to return. Defendant entered the car from its right side and slid over into the driver's position. Plaintiff, a lady 71 years of

[1]Reported in 271 N. W. 475.

age, knowing nothing about the operation of automobiles, followed the defendant into the car from the right side and seated herself on the right one-half of the front seat. She then pulled the door "towards closing" by taking hold of the arm rest thereon. She testified that she brought the door only "part way shut." Defendant, apparently thinking plaintiff not strong enough to close the door herself, "reached over and closed it." Defendant gave the door a "kind of a pull" to close it but made no effort, by pushing, shaking, or pulling it after "kind of pulling" the door by reaching across plaintiff, to see if it had securely engaged itself.

After this incident defendant drove out of Minneapolis and onto a new four-lane, fine surfaced highway. Plaintiff complained to defendant of a draft, and the latter, while traveling at a speed of about 30 to 35 miles an hour down a slight incline, looked over to the right door, saw that the window therein was up, and then, without reducing the speed of the car, took her left hand off the steering wheel, looked over to the left door, saw that its window was down, and then proceeded to raise it with the crank attached thereto for that purpose. Still traveling at the same speed, defendant partially turned around in her seat to the right in order to ascertain whether the windows in the rear of the car were closed. Satisfying herself that they were, she turned back and discovered that she had inadvertently allowed the car to run a "little bit" to the right. She then "straightened it out," according to a statement given before the trial, by pulling it toward the left.

All this time plaintiff had been sitting "a little bit sideways," her knees toward the driver, "trying to rest." Immediately after defendant had turned from looking about the car, she noticed plaintiff falling through the right front car door, which had come open in some manner. Plaintiff testified that she was "thrown against" the door, which opened and allowed her to fall out. She was seriously injured. The lower court directed a verdict for the defendants.

The only question that need be considered is whether there is any evidence upon which a verdict for plaintiff might be sustained.

The foregoing account demonstrates that defendant assumed full responsibility for closing of the door and seeing that it was securely latched. Defendant apparently did not try the door at all to see that it was, although she knew that it often was necessary to "pull hard" to close it. There was testimony that on previous occasions the same door had come open while the car was being driven. For that reason the defendant should have been overcautious with respect to it. Further, defendant, having only one hand on the steering wheel and while traveling at a speed of 30 to 35 miles an hour, turned practically around in her seat, as a result of which, there was evidence from which it might be found, she took her eyes off the road, the car turned toward the right side thereof, and she was forced quickly to bring it back, the swing of which might have accounted for plaintiff being "thrown against" the door, thus forcing it open and propelling her out onto the highway. Perhaps a jury would reach a different result after considering the evidence offered on behalf of defendant, but at least it is peculiarly a question to be determined by one.

There was evidence from which it might be found that plaintiff was not contributorily negligent. She testified that she did not close the door but left that for defendant to do; that after defendant apparently had done so she did not touch the door, its handles, or any part thereof. There was no evidence that she did. Defendant saw plaintiff reach out with her hand, but there was no testimony that the latter disengaged the latch or even touched the handles with which it was operated. According to the evidence most favorable to plaintiff, she was resting on the seat trusting that defendant would use reasonable care for her safety.

It is particularly to be noted that only the evidence most favorable to plaintiff has been considered. See Mardorf v. Duluth-Superior Transit Co. 194 Minn. 537, 261 N. W. 177; Fox v. Minneapolis St. Ry. Co. 190 Minn. 343, 251 N. W. 916. There was much conflict in the testimony. Perhaps that offered on behalf of defendant would more favorably impress a jury than that of plaintiff. In any event, as the evidentiary facts are in dispute, the question should

be submitted to one, see Wegmann v. Minneapolis St. Ry. Co. 165 Minn. 41, 205 N. W. 433, for, as stated in Stritzke v. C. G. W. R. Co. 190 Minn. 323, 324, 251 N. W. 532, the motion of defendant for a directed verdict should be granted "only in cases where the evidence against the plaintiff is clear, whether the basis of the motion be want of negligence in the defendant or contributory negligence in the plaintiff."

The order appealed from is reversed with directions to grant plaintiff's motion for a new trial.

Reversed.

MR. JUSTICE STONE took no part in the consideration or decision of this case.