WILLIAM F. MARSHALL *vs.* EMMA H. CARTER.

Middlesex.    May 2, 1938. — October 27, 1938.

Present: LUMMUS, QUA, DOLAN, & COX, JJ.

*Negligence,* Invited person, Motor vehicle, In use of way.    *Proximate Cause.*

Upon evidence that a woman owning an automobile, as part of a business undertaking for her benefit with the mother of a child, requested the mother to accompany her in the automobile and that the child went with them because the mother so stipulated and the owner assented as part of the arrangement, a finding was warranted that the child was not a mere *gratuitous* guest.

A finding that the operator of an automobile was negligent was warranted by evidence that, as he approached a point where an accident occurred, he twice diverted his attention by turning around to speak to a child in the rear seat and that, while so turned around, and without taking notice of a vehicle approaching from his right, he drove into an intersection of public ways at a speed of from thirty to thirty-five miles an hour, suddenly put on brakes and swerved sharply to the left to avoid the other vehicle, throwing occupants forward and back.

Although at the trial of an action for injuries alleged to have been caused to a child five and one half years of age by his being thrown from the door of an automobile due to negligent operating by the defendant, it appeared that the door had been securely closed and was not defective and there was no direct evidence as to how it was opened, a finding that its opening was due to negligence of the defendant causing a violent stopping of the car was warranted by evidence that the child, who was sitting next a door having a lever on its sill which, pulled back, would release the catch, was thrown forward and backward, from which an inference might be drawn that his body came in contact with the lever causing the door to open; and a ruling that "the cause of the door opening was pure conjecture" properly was refused.

TORT.    Writ in the First District Court of Eastern Middlesex dated February 1, 1936.

On removal to the Superior Court, the action was referred to an auditor, whose findings were not to be final. Respecting the cause of the opening of the door of the automobile through which the plaintiff was thrown, he reported: "The only possible way in which this door could open was by a pulling backwards of the lever which operated the lock

and in that way the bolt which held the door closed would be disengaged. There was no testimony on the part of any witness as to how or by whom the lever on the right rear door was pulled backward and its lock released. Mrs. Marshall stated that the defendant charged the plaintiff with having opened the door and that he denied it. This, therefore, is a case in which a door, that was firmly closed and locked, opened without any explanation being given as to how it happened to open."

The case afterwards was tried before *Whiting*, J., upon the auditor's report and other evidence. At the time of the trial, the plaintiff was over seven years and one month of age. The record states: "The plaintiff was offered as a witness and was examined by the court and disqualified as a witness on the ground that he was not old enough to understand an oath."

There was a verdict for the plaintiff on the first count of the declaration in the sum of $2,500. The defendant alleged exceptions.

*E. Martin*, for the defendant.

*M. Reiser*, (*D. Cohen & P. Thompson* with him,) for the plaintiff.

DOLAN, J. This is an action of tort to recover compensation for personal injuries. The case was first heard by an auditor, who found for the defendant, and thereafter it was tried to a jury. At the trial the auditor's report was introduced in evidence and further evidence was presented by both parties. The declaration was in four counts, the first of which alleges negligence on the part of the defendant. At the close of the evidence the plaintiff waived the third count, and the defendant moved for a directed verdict on the other counts. This motion was allowed as to the second and fourth counts, but was denied as to the first count subject to the defendant's exception. The jury returned a verdict for the plaintiff and the case comes before us on the defendant's exceptions to the denial of her motion for a directed verdict, to the denial of certain requests for instructions, and to the giving of certain instructions to the jury.

The evidence in its aspect most favorable to the plaintiff would warrant the jury in finding the following facts. The plaintiff is a minor who, at the time of the accident which caused his injuries, was five and a half years old. His mother, hereinafter referred to as Mrs. Marshall, made a business of knitting garments and selling them. In November, 1935, she entered into an agreement with the defendant to knit a dress and blouse for her. The defendant requested Mrs. Marshall to go with her to a store in Chelsea to select yarns for the garments. Mrs. Marshall stipulated that the plaintiff should accompany her in the defendant's automobile, and the defendant consented. They set out on this business on November 15, 1935, in the defendant's vehicle, accompanied by the plaintiff. Arriving at their destination, they visited two stores which dealt in yarns and looked over some yarns, but were unable to "find enough of what they wanted." Between 12:30 and 1 P.M. they started on the homeward journey, during the course of which the accident occurred. In these circumstances the jury would be warranted in finding that at the time of the accident Mrs. Marshall was not a mere guest of the defendant but was riding in her vehicle for her benefit in the performance of something in which she was interested. *Weida* v. *MacDougall*, 300 Mass. 521, and cases cited. The jury could also find that the transportation of the plaintiff was part of the consideration for Mrs. Marshall's agreement to accompany the defendant, for the latter's benefit, and that the plaintiff, as an occupant of the automobile, stood in the same relation to the defendant as did Mrs. Marshall. See *Chooljian* v. *Nahigian*, 273 Mass. 396, 399.

An examination of the defendant's exceptions to the judge's refusal to give the former's fifth, sixth, seventh and eighth requests for rulings, which related to the subject matter just discussed, discloses no error. It is unnecessary to recite them in detail. A consideration of the judge's charge bearing on that subject matter establishes that he gave adequate and proper instruction to the jury as to the principles of law by which to determine whether the plaintiff was a mere guest in the defendant's automo-

bile, or was riding therein for her benefit in the performance of something in which she was interested. The exceptions noted above are overruled. The defendant's exception to the refusal of the judge to give her eleventh request for a ruling that "The plaintiff, being a guest in the car, cannot recover without showing that his injuries were caused by the gross negligence of the defendant" cannot be sustained. The judge properly charged the jury that if the plaintiff was "taken along, not as a part of the employment of his mother and under the benefit of any contract she might have, but simply taken along, then he would have to show gross negligence to recover, and there is no gross negligence here."

After the business before referred to had been transacted, Mrs. Marshall assisted the plaintiff to the rear seat of the automobile and shut the door, but it did not catch; she slammed it and it did catch. She was positive that the door was shut tight. The plaintiff sat on the right hand side of the rear seat. The "whole left hand side of the seat was packed with boxes which covered over one half of the floor, and there were paintings on the left part of the back seat." The defendant said: "'We must hurry, we must hurry,' she had so much to do, she had to be back in Lynnfield at two o'clock." She drove the vehicle to Everett Avenue and proceeded down that highway toward Everett, behind a street car. The traffic was heavy. In a short time they reached a railroad crossing and the street car stopped. The defendant did not stop her vehicle, but slowed down, and drove around the street car, "cut in front, and got ahead of it." The railroad crossing was about four hundred feet from the place of the accident. After the defendant passed the street car there was no traffic in front of her vehicle, which she was then operating at a speed of thirty to thirty-five miles an hour. Between the railroad crossing and the scene of the accident the defendant turned around, spoke to the plaintiff and asked him to sit down; he sat "on the edge of the rear seat" holding on to a strap with his right hand. The vehicle was then travelling on the "car rails that were on

the right hand side of the road. . . ." The defendant turned around again, when about eighty to one hundred feet from the point where the accident occurred, looked at the plaintiff and said to him: "Billy, be careful of those paintings on that seat; I don't want anything to happen to them." At this time Mrs. Marshall saw a truck to her right, on Carter Street at its intersection with Everett Avenue, and cried out "Oh! Em," and "braced her feet." The "defendant immediately turned around, slammed on her brakes," and swerved sharply to the left, then went to the opposite side of the street, and the plaintiff came flying out of the rear right hand door, which had opened. He came out "Like a shot out of a rifle, almost . . . fast and swift" and "landed on his head." The vehicle travelled one hundred thirty-five to one hundred fifty feet before coming to a stop. Mrs. Marshall was thrown forward and backward, and left the vehicle before it stopped to go to the aid of the plaintiff. Immediately after the accident, while on the way to the doctor, the defendant asked the plaintiff if he had opened the door and he said, "No! You put on your brakes and threw me out of the door." He also said to the defendant that he "didn't touch the door."

We think that the jury would have been warranted in finding the defendant negligent in operating her vehicle at a speed of thirty to thirty-five miles an hour in violation of the provisions of G. L. (Ter. Ed.) c. 90, § 17, and in twice diverting her attention from the business of driving, by turning around to speak to the plaintiff in the rear seat, and in driving into the intersection at an excessive rate of speed in violation of law, and without looking to observe the vehicle approaching from the right. *Colby* v. *Clough,* *ante,* 52, 55, and cases cited. *O'Neill* v. *McDonald, ante,* 256. *O'Brien* v. *Bernoi,* 297 Mass. 271, 273.

There was evidence that Mrs. Marshall, the mother of the plaintiff, exercised due care in his behalf and the jury could have found, as did the auditor, that the plaintiff was in the exercise of due care.

Did the negligence of the defendant have a causal relation to the injuries sustained by the plaintiff? The door

which opened at the time of the accident was securely closed when the defendant started the vehicle homeward. The lever by which this door could be opened from inside the vehicle and the lock which it controlled were in good condition. The lever was located on the sill of the window in the door. The hinges of the door were at the rear of the door frame. The normal way of opening the door was to pull the lever toward the rear of the car. The defendant has contended that, from the evidence, it is conclusive that the door could be opened only by pulling back the lever; that "If it opened in any other way, the evidence in this case does not explain it"; that the evidence that the plaintiff did not touch the door or open it establishes affirmatively that it was not through any act of the plaintiff, either voluntary or otherwise, that the door opened; and that a conclusion that the door was caused to be opened through the defendant's negligence would rest upon surmise, conjecture or imagination, and hence would be one that the jury would not be warranted in reaching. The jury were not obliged to interpret the statements made by the plaintiff that he did not open the door and did not touch the door as meaning that when he was thrown from the vehicle he did not come in contact with the door. The accident occurred suddenly, the swerving of the car was violent, Mrs. Marshall was thrown backward and forward, and we think that the jury could interpret the statement of this plaintiff of tender years to mean that he did not voluntarily touch or open the door. These statements of the plaintiff were but a fragment of the evidence. See *Noyes* v. *Whiting*, 289 Mass. 270, 272. Whether the defendant's negligence had a causal relation to the plaintiff's injuries must be determined upon all the circumstances of the case. To "make out liability on the part of a defendant it is enough to prove that the probable consequence of his acts was that harm of the same general character as that which came to the plaintiff would come to persons who stood in the same general relation to the defendant as the plaintiff; and . . . it is not necessary to make out liability on a defendant's part that the particular series of events which

ended in the injury to the plaintiff were the probable consequences of the defendant's acts." *Ogden* v. *Aspinwall*, 220 Mass. 100, 103. The jury "could find that the defendant should have anticipated that harm or damage to some one, of the same general character as that suffered by the plaintiff, was a reasonable and probable consequence of . . . [her] acts." *Texeira* v. *Sundquist*, 288 Mass. 93, 94.

In the light of the facts which the jury could have found, and in the absence of evidence to show that the plaintiff had voluntarily opened the door himself, we think they would be warranted in concluding that the defendant's negligence bore a causal relation to the plaintiff's injury. They could rationally infer that like his mother, Mrs. Marshall, he was thrown forward and backward, and that his body came in contact with the lever on the door, causing it to open and the plaintiff to be propelled into the highway. See *Jude* v. *Jude*, 199 Minn. 217. Although the whole evidence may not point out the precise way in which the accident happened, it was sufficient to warrant a finding that the defendant's negligence caused the injury to the plaintiff. *Brown* v. *Daley*, 273 Mass. 432, 436, and cases cited. The present case is distinguishable from such cases cited by the defendant as *Whalen* v. *Mutrie*, 247 Mass. 316, *Withington* v. *Rome*, 258 Mass. 188, *Rizzittelli* v. *Vestine*, 246 Mass. 391, and *Rogers* v. *Dalton*, 298 Mass. 146, where it was held that negligence cannot be inferred from the mere happening of an accident. The defendant's exception to the refusal of the judge to give the former's ninth request for a ruling that "The cause of the door opening was pure conjecture" is overruled.

In view of what we have said it is unnecessary to discuss the defendant's exceptions to the portion of the judge's charge bearing on the question of causal relation of the defendant's negligent acts to the opening of the door through which the plaintiff was thrown. We have examined the instructions given by the judge to the jury on that subject matter and think that they were sufficiently favorable to the defendant.

*Exceptions overruled.*