MANUEL M. ROCHA, administrator, *vs.* GUSTAV T. ALBER.

Norfolk.   November 7, 1938. — January 30, 1939.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Negligence,* Motor vehicle, In use of way, Violation of law, In coasting. *Proximate Cause.*

Evidence that a child, coasting on a hill in violation of law, collided with a motor bus going in the opposite direction, that the operator got out, saw the child, who was under the bus "yelling and hollering," returned to the bus and backed it, whereupon the cries ceased, that the cause of the child's death was a serious fracture of the skull, which killed him immediately, and that he would not have cried out after receiving the fracture, presented questions for the jury, whether the death was caused by conduct of the operator of the bus after the child's violation of law had ceased, and whether that conduct was negligent.

TORT. Writ in the Superior Court dated May 22, 1934.

A verdict for the defendant was ordered by *Broadhurst,* J. The plaintiff alleged exceptions.

*W. W. Brooks,* for the plaintiff, submitted a brief.
*E. R. Langenbach,* for the defendant.

DOLAN, J.   This action of tort to recover damages for the conscious suffering and death of the plaintiff's intestate was first heard by an auditor, who found for the defendant. Subsequently the case was tried to a jury, before whom the auditor's report was introduced in evidence.   Further evidence was also presented.   Each of the two counts in the declaration alleges ordinary negligence on the part of the defendant.   At the close of the evidence the judge allowed the defendant's motion for a directed verdict, subject to the plaintiff's exception.

There was evidence tending to show the following facts: On the afternoon of February 12, 1934, the intestate, a girl eleven years of age, was coasting "down hill" with two other children on Sprague Street, in the town of Dedham, on a sled known as a "Flexible Flyer."   When they reached a point near the "bottom of the hill," the sled collided with the front of a motor vehicle, "a large bus so called," operated by the defendant and "going in the opposite direction on Sprague Street on the right side, at a speed of about thirty miles per hour."   Immediately after the collision the intestate and one of the other children were under the front part of the vehicle, together with the sled which was "tipped over."   The intestate was at that time "yelling and hollering."   The defendant "got out of the bus" immediately; looked at the intestate "under the bus," and, returning at once to the driver's seat, backed the "bus" a distance of about seven feet.   "When the bus backed up" the cries of the intestate ceased.

The auditor found that the intestate was coasting at the time of the accident on a street where coasting was prohibited by law; that this was the determining factor and that it was "unnecessary to consider the degree of negligence in . . . [the] case, nor the accident."   He made no findings of fact touching the events that succeeded the original collision with the "bus."   At the trial before the jury the physician who attended the intestate testified that the cause of her death was a fractured skull and that the whole left side of her skull had been punctured.   He further testified that at the time she received that injury she "was

immediately killed or died — became unconscious and died right afterward," and that in his opinion she did not and would not cry out from the time she received the injury resulting in her death.

The plaintiff contends that, when the intestate received the injuries resulting in her death, she was not coasting and was not acting in violation of law; that on all the evidence the jury could find that her death was caused by the negligence of the defendant in backing the "bus"; and that her previous act of coasting was not a contributing cause of the injuries which caused her death.

The jury could find that after the collision the "bus" came to a stop; that the defendant alighted and saw the intestate under the front part of the vehicle; that she "was yelling and hollering"; that when the defendant reëntered his vehicle and backed it up for about seven feet the intestate's cries ceased; and that it was at that point of time that the injuries which caused her death were sustained. In these circumstances we think it cannot be said, as matter of law, that the intestate was acting in violation of law when the vehicle was backed up, nor that her previous illegal act in coasting upon a street where coasting was prohibited was so intimately connected as a proximate cause with the injuries that caused her death that the plaintiff may not recover, if the evidence would warrant a finding that the defendant was negligent in backing the bus, and as a result the intestate suffered the injuries which caused her death. The case of *Query v. Howe*, 273 Mass. 92, is distinguishable in the facts from the case at bar.

The burden of proving that the defendant was negligent was upon the plaintiff. It "was an affirmative burden and could not be left to surmise, conjecture or imagination," but the plaintiff was not "bound to exclude every other possibility of cause for . . . [the] injury [and death of the intestate] except that of the negligence of the defendant," and was only "required to show by evidence a greater likelihood that . . . [the intestate's injuries resulting in her death] came from an act of negligence for which the defendant is responsible than from a cause for which . . .

[he] is not liable." *Bigwood* v. *Boston & Northern Street Railway*, 209 Mass. 345, 348. *Marshall* v. *Carter*, 301 Mass. 372.

On all the facts disclosed by the evidence, we are of opinion that the question, whether the injuries sustained by the intestate which resulted in her death were caused by the negligence of the defendant in backing his vehicle, was for the determination of the jury. Accordingly, the entry will be

*Exceptions sustained.*