*Northern District*

No. 5138

**JAMES PIERSALL**

v.

**HARMON'S EXPRESS, INC.**

and

**LOUIS A. PACZOSA**

(November 25, 1957)

*Present:* BROOKS, J. (PRESIDING) AND NORTHRUP AND KELLEHER, JJ.

Case tried to RUSSELL, SP. J., in the District Court of Newton. No. 9905.

*Northrup, J.* This is an action of tort in which the plaintiff seeks to recover damages for personal injuries allegedly sustained as a result of the negligence of the defendants in the operation of a motor vehicle on October 31, 1955 at the intersection of Brookline Avenue and Fenwood Road, Brookline,

Mass. The defendants' answer contained a general denial.

*At the trial there was evidence tending to show that* on said date the plaintiff was a passenger in the front seat of a motor vehicle which was stopped at said intersection, and while so stopped, was struck in the rear with considerable force by a truck owned by the defendant, Harmon's Express, Inc. and operated by the defendant Louis A. Paczosa. As a result of the impact the plaintiff was thrown forward, his body hitting the dash board and his head hitting the ceiling of the car in which he was riding. The plaintiff was shaken up and felt a twinge in his back. He was treated by one Dr. Lamphier, X-rays were taken and he received thirty-seven (37) physiotherapeutic treatments to his back. The plaintiff, a professional ball player, was employed at the time of the accident as a public relations Sales Representative for the Coffee Time Products of America. He was also engaged, on his own account, in conducting speaking engagements throughout New England on the average of three to five evenings a week.

The plaintiff lost no time from his regular work as a result of the injuries he sustained, and also fulfilled all of his previously scheduled speaking commitments following the accident but "canceled" a number (8 or 10) future engagements because his back bothered him on the long drives.

During the trial the following question was put to the plaintiff on direct examination and was admitted over the objection of the defendants:

"What was your usual and normal charge for these speaking engagements?"

The witness answered, "One Hundred and Fifty Dollars."

The defendants requested that the court's ruling on the admissibility of this testimony be reported and duly filed a report setting forth his objection to

the court's admission of the same.

The defendants duly filed the following requests for rulings:

1. The evidence does not warrant a finding that the defendant Harmon's Express, Inc. was negligent.

2. The admissions of an agent respecting liability are not binding on the principal.

3. The evidence does not warrant a finding that the loss of speaking engagements to the plaintiff was proximately caused by the negligence of the defendants or either of them.

4. The sole evidence of negligence in this case is contained in an admission by the defendant Paczosa.

5. The evidence warrants a finding that the sole cause of the collision was the negligence of the operator of the vehicle in which the plaintiff was a passenger.

6. The evidence does not warrant a finding other than that the plaintiff was not totally disabled as a result of the accident.

7. The evidence does not warrant a finding other than that it is no more probable that the alleged injuries were caused by an act or omission for which the defendants were liable than by one for which they were not- responsible.

8. As a matter of law the loss of the speaking engagements by the plaintiff was remote and not the natural and probable result of the negligence of the defendants or either of them.

9. The evidence does not warrant a finding for the plaintiff on Count I of the declaration.

10. The evidence does not warrant a finding for the plaintiff on Count II of the declaration.

The Court allowed the defendants' requests Nos. 2, 5, and 6 and denied requests Nos. 1, 3, 4, 7, 8, 9, and 10.

The Court found that the accident was caused by the negligence of the defendant Louis A. Paczosa and that at the time of said accident the truck was

being operated by said defendant as agent for Harmon's Express, Inc., that as a result of the accident the plaintiff received injuries to his back and chest which required medical attendance and physiotherapy treatment; that while the plaintiff lost no time from his promotional work for Coffee Time Products of America he was unable to fulfill ten speaking engagements and that he lost as a result thereof the sum of $1500.00; that the fair and reasonable charge for medical services rendered by Dr. Lamphier was $75.00; that the fair and reasonable charge for the physiotherapeutic treatments received by the plaintiff was $259.00 and that the plaintiff was also entitled to the sum of $500.00 for pain and suffering. The Court found for the plaintiff $2,334.00.

The defendants claim to be aggrieved by the trial court's denial of requests Nos. 1, 3, 4, 7, 8, 9, and 10 and by the Court's admission of the testimony concerning the plaintiff's usual charge for speaking engagements.

The defendants requests Nos. 1, 4, 9 and 10 pertain solely to the question of the liability and since the defendants at the hearing before us waived their objections to the same, the only alleged errors of law, with respect to the defendants' requests for rulings, remaining to be considered are the court's rulings on the denial of requests Nos. 3, 7, and 8. We find no error in the trial court's denial of these requests.

■ ■ Request No. 7 raises the question of whether the evidence warranted the trial court in finding that there was a causal connection between the accident and the injuries complained of by the plaintiff. It is well settled that the burden of establishing such a causal relationship is on the plaintiff and that the same cannot be left to imagination, speculation, conjecture or surmise. However it is equally well settled that a plaintiff is not required to exclude every possible cause except the accident but

only to show a greater likelihood that the injuries resulted from the accident than that they resulted from some other cause. *Flynn v. Growers Outlet, Inc.*, 307 Mass. 373; *Rocha v. Alber*, 302 Mass. 155, 157; *Marshall v. Carter*, 301 Mass. 372.

■ Nor is a plaintiff necessarily required to prove such causal connection by direct evidence. It was said in *Bigwood v. Boston & Northern St., Ry.*, 345, 348 that such causal connection may be established by "rational inference of probabilities from established facts".

Applying the foregoing principles to the case at bar we are of the opinion that the direct evidence and the "rational inferences of probabilities" from the facts established by the evidence, warranted the court in finding that the injuries which the plaintiff sustained were causally connected with the accident.

The evidence warranted a finding that the motor vehicle in which the plaintiff was a passenger was struck in the rear with considerable force by a large trailer truck and that as a result of the collision the plaintiff was thrown against the dash board and also struck the roof of the automobile; that prior to the accident he had no pain in his back for a period of approximately one month and that immediately after the impact he felt a twinge in his back; that he had not been treated for any condition to his back for approximately a month prior to the accident but that immediately following the accident he received medical treatment; that his condition was such as to require seven treatments by Dr. Lamphier and thirty-seven physiotherapy treatments. There was no evidence that he had ever received such physiotherapy treatments for any condition prior to the accident, or that he was under a doctor's care at the time of the same. The defendants relied in their argument upon the testimony of Dr. Lamphier to the effect that the plaintiff had a chronic "ball-player's back"

and that approximately a month before the accident he had observed the same muscle spasm in the same area of the back as on October 31, 1955, the date of the accident. There is nothing in the report to show what physical effect, if any, this condition had upon the plaintiff at the time of the accident and we cannot take judicial notice of the nature, extent or effect of such physical condition or deformity.

The most favorable inference warranted by Dr. Lamphier's testimony is that by reason of a physical condition or deformity existing at the time of the accident, the plaintiff was more susceptible to injury. But such susceptibility is not material to the issues in this case. It neither protects the defendants from liability for their negligence nor does it reduce the amount of damages they must pay. As was said in *Webber v. Old Colony St. Ry. Co.,* 210 Mass. 432, 442

"................. if she (the plaintiff) was found to have been suffering from physical conditions making her more susceptible to the particular form of injury, shown by the evidence, this fact did not deprive her of all damages caused by the fall."

In our opinion defendants' request No. 7 was properly denied.

Defendants' requests No. 3 and No. 8 raise the question of whether the trial court was warranted in finding on the evidence that the alleged loss of earnings by the plaintiff due to his inability to accept future speaking engagements was a proper element of damage. There was testimony to the effect (and the court found as a fact) that by reason of injuries sustained in the accident the plaintiff was unable to accept ten speaking engagements and that he usually received for such speaking engagements $150.00. The court assessed this loss as damages and awarded the plaintiff $1500.00 on account of the same. The

defendants argue that since the plaintiff lost no time from his regular work and since he also was able to keep all previously booked speaking engagements during his period of disability that such evidence precludes a finding that the plaintiff suffered impairment of his earning capacity as a result of the accident. Also that such damages are too remote and uncertain to warrant recovery.

While damages must be reasonably proved they need not be proved to an absolute certainty. The testimony of the plaintiff was sufficient to warrant the court in finding physical disability and impairment of his earning capacity. The nature and effect of the plaintiff's injuries, the degree of disability and the extent of impairment of his earning capacity were questions of fact within the sole jurisdiction of the trial court. Findings of fact made by the trial court when supported by evidence, as they are in this case, are not subject to review by this Court. *Dillon v. Framingham*, 288 Mass. 511, 513; *Bresnick v. Heath*, 292 Mass. 293, 296; *MacDonald v. Adamian*, 294 Mass. 187, 190; *Dolham v. Peterson*, 297 Mass. 479, 481; *James B. Rendle Co. v. Conley & Daggett Inc.*, 313 Mass. 712.

Nor is the monetary loss suffered by the plaintiff left to mere speculation or conjecture. Fairly interpreted, the report indicates that during a certain period of his disability, the plaintiff was offered the opportunity of speaking on eight or ten occasions but that he was unable to accept these engagements because of the condition of his back. Testimony of opportunity for employment has been recognized as admissible evidence on the question of earning capacity. *Doherty v. Ruiz*, 302 Mass. 145, 146. In *Leave v. Boston El. Ry.*, 306 Mass. 391 the plaintiff was allowed to recover for engagements "he was unable to keep." Whether the engagements were already booked at the time of the accident or became avail-

able during the period of disability would seem to be wholly immaterial. We see no fundamental distinction between being unable to keep engagements already scheduled and being unable to accept engagements offered during the period of disability.

■■ There is no merit in the defendants' objection to the admission by the trial court of the question and answer respecting the plaintiff's usual charge for speaking engagements. Such earnings are in the nature of wages and may be proved as such. They are not profits from business as claimed by the defendant. The essential requirement of business profits is the substantial contribution to earnings of investments other than one's own personal services. The fact that some incidental collateral expense may be involved does not convert earnings for personal services into business profits. This distinction between wages and business profits is clearly defined by the Court in *Mahoney v. Boston El. Ry.,* 221 Mass. 116, 117 in the following words:

"Where the element of personal expertness is the essential and dominant factor and the capital invested is insignificant as compared with the earnings and merely incidental to the individual capacity which is the fundamental cause of income, then the income stands on the same basis as wages or salary and may be shown."

The earnings lost by the plaintiff by reason of his incapacity were in our opinion clearly in the nature of wages and could be proved as such. It is almost axiomatic that testimony of wages earned both prior to and succeeding the accident is admissible on the question of impairment of earning capacity. The defendants' requests Nos. 3 and 8 were properly denied by the trial court, and the testimony objected to by the defendants, was properly admitted.

The defendants argue one further point which we consider, although the same is not properly raised

by the report. The defendants claim that the court in assessing damages assessed loss of wages as such, instead of assessing them on the basis of impairment of earning capacity. It is well settled that wages as such cannot be recovered and that the measure of damages is the extent of impairment of the plaintiff's earning capacity and the actual monetary loss resulting therefrom. In some cases, as in this, the distinction is one without a difference. In *Braithwaite v. Hall*, 168 Mass. 38, 39 the trial court charged the jury to the effect that if the plaintiff was entitled to recover at all, ". . . he was entitled to compensation for the wages actually lost by him through his inability to work . . . . . . . . . . . . . . . ". In passing upon the correctness of this ruling the court said:

> "It is true that, when a man is allowed to prove his average earnings or the wages actually lost by him, they are proved as a measure of the value of the time and power to labor of which he has been deprived, not as themselves recoverable *eo nomine*. But the distinction does not appear to be material to this case."

The same may be said in the case at bar. If the trial court did allow wages and earnings as such, as claimed by the defendants, (which however we do not intimate) upon the facts in this case, there was no prejudicial error in so doing.

There being no prejudicial error in the trial court's denial of defendants requests Nos. 3, 7, 8 or in the admission by the trial court of the testimony objected to by the defendant, the report is ordered dismissed.

Reuben Goodman, for the plaintiff.
Peter Cole, for the defendant.