ALBAN L. RICHARD, administrator, & others *vs.* R. S. BRINE TRANSPORTATION COMPANY & another.   April 2, 1970.  This case is before us on the plaintiffs' exceptions to the trial judge's direction of verdicts for the defendants in an action of tort for negligence.  The evidence most favorable to the plaintiffs is as follows:  About 3 A.M. on November 2, 1965, the plaintiff Margaret Cleaves was driving the station wagon of her husband, Sidney B. Cleaves, southerly on the three lane wide U. S. Route 1 in Wells, Maine, with her

---

[1] (Arvid R. Anderson), Elsa L. Powers, Albert E. Anderson, Robert A. Anderson, Maye A. Brogan, Ruth A. Berry, trustees;  Charles A. Powers, Jr. and Elsa A. Powers;  John R. Berry, Jr. and Ruth A. Berry;  Ruth A. Berry; Robert A. Anderson;  Albert E. Anderson and Dorothy B. Anderson;  Arvid R. Anderson and Marie B. Anderson, Francis D. Brogan and Maye A. Brogan.

[2] Gertrude H. Coleman, Alvin W. Davis, Margaret E. Davis, Fred M. Filoon, Margaret F. Robertson, Fred M. Filoon, executor.

mother, Mary Rose Richard, now deceased, her minor son, Warren Cleaves, and others as passengers. It had just stopped snowing and the roadway was slippery. She noticed that a trailer truck following her got so close that she feared for her family and herself. Seeing no room to her right, she went left into the lane provided for traffic traveling northerly. She then saw the defendant's trailer truck coming toward her in its own northbound lane. She turned the wheel as fast as she could, increased speed, went off the road to her left and stopped about two feet off the paved surface. When the defendant operator first saw the station wagon in his lane, he swerved from the northbound lane into the middle lane, applied his brakes and came to a stop in the northbound lane. At some point the rear of his truck skidded off the highway onto the dirt by a couple of feet, and its right side near the rear of the trailer struck the right front of the station wagon. Margaret Cleaves, Warren Cleaves, and the administrator of Mary Rose Richard seek recovery for personal injuries. Sidney B. Cleaves seeks recovery for damage to his station wagon and for medical expenses incurred for his minor son. "By bringing their actions, the plaintiffs assumed the obligation to show that the negligence of the defendant[s] caused their injury. This was an affirmative burden and could not be left to surmise, conjecture or imagination." *Bigwood* v. *Boston & No. St. Ry.* 209 Mass. 345, 348. *Rocha* v. *Alber*, 302 Mass. 155, 157. They have not sustained this burden. There was no error in directing verdicts for the defendants.

*Exceptions overruled.*

*Burton S. Friedman* for the plaintiffs.
*William A. Cotter, Jr.*, for the defendants.